**Wheeling.**

## CAPEHART, ADM'R v. CUNNINGHAM, ADM'R.

Decided April 27, 1878.

Special Term. 1878.

1. When a defendant has not been served with process in the action, and has not appeared to the action, it is error for the clerk to enter office judgment against him for failing to appear and plead, and to award a writ of inquiry of damages; it is also error under those circumstances for the court to have the damages assessed by the jury, and to enter judgment against the defendant for the damages found by the jury.

2. A defendant in such a case has the right under the statute to move the court, after proper notice, to reverse the judgment and correct the proceedings, and upon the court's refusal to do so, then to bring the matter before the Appellate Court by writ of error.

3. It is not error for the court to permit the sheriff to amend his return upon a summons even at the hearing of the motion to reverse the judgment, and such amended return relates back to and takes the place of the original return.

4. The sheriff made his return in the following language: "The defendant, Capehart, not being found, and not being at his usual place of abode *when in Kanawha county,* nor his wife, nor no white member of his family over sixteen years of age found there, I served this writ on the 24th day of August, 1863, by posting an office copy hereof on the front door of his usual place of abode aforesaid, the said house at the time of said service was occupied by D. J. Lewis and his family." HELD:

The return is not sufficient to support the judgment, because it failed to show that the summons was served by leaving a copy thereof posted at the front door of the defendant's *usual place of abode* at the time of service.

5. The meaning of the statute is the usual place of abode *eo instanti* the summons is served.

*Supersedeas* to an order of the circuit court of Kanawha county, entered on the 18th day of June, 1873, in a motion to set aside a judgment rendered theretofore in said court, against Charles C. Capehart in favor of Samuel Benedict. The motion was made by Stephen P. Capehart, administrator of Charles C. Capehart against John S. Cunningham, administràtor of Samuel Benedict, deceased.

Hon. Joseph Smith, Judge of the seventh judicial circuit, entered the order complained of.

The facts sufficiently appear in the opinion of the Court.

*William H. Hogeman,* for plaintiff in error, relied on the following authorities:

29 Vt. 332; 8 Ala. 86; 6 Miss. 173; 4 W. Va. 533; 1 N. & McC. (S. C.) 89; 33 Iowa 157; 56 Ill. 385; 9 W. Va. 443; 1 Wash. 145–50.

*Benjamin H. Smith,* for defendant in error, cited the following authorities:

4 Munf. 399; 3 H. & M. 309; 4 H. & M. 504; Code W. Va., ch. 134, §5; *Id.* ch. 106, §26; Code 1850, §§27, 28, p. 607; 10 Leigh 507; 6 Gratt. 442; 8 Gratt. 349; 5 W. Va. 111.

MOORE, JUDGE, delivered the opinion of the Court:

Samuel Benedict sued out of the clerk's office of the circuit court of Kanawha county, August 19, 1863, a summons against Charles C. Capehart, in an action of trespass on the case, returnable to rules, "on the first Monday in September next," which, by a return endorsed thereon, by the sheriff, designated a service thereof, in a particular manner, August 24, 1863. Plaintiff filed his

*[margin:]* 1878. Special Term.

Capehart, adm'r
v.
Cunningham, adm'r.

1878.
Special Term.

Capehart, adm'r
v.
Cunningham,
adm'r.

declaration at rules, the first Monday in September, 1863, at which time the common order was made, defendant not appearing ; and at rules on the last Monday of September, the defendant still failing to appear, the conditional judgment was confirmed, and a writ of enquiry of damages awarded, to be assessed by a jury at the then next term of the court. At the next term, the defendant still not appearing, the jury, October 26, 1863, assessed the plaintiff's damages at $500.00, and the court then gave judgment that the plaintiff recover against the defendant the damages aforesaid, &c. On the 12th day of October, 1867, the defendant proved and docketed his notice of a motion to annul and set aside said judgment, upon the ground that the process against the defendant was not served according to law, "as appears by the sheriff's return endorsed thereon." The death of defendant was suggested, and suit revived in the name of S. P. Capehart, his administrator, July 6, 1871.

On the 18th day of June, 1868, on motion of Benedict's administrator, to have the return of the sheriff, on the original process in the cause, amended by the sheriff who made the same, it was done by the addition of the words, "his usual place of abode in Kanawha county," inserted · after the word "home" in the original return. On the 1st day of February, 1872, Cunningham, as administtator of Benedict's estate, sued out scire facias against S. P. Capehart, as administrator, &c., to show cause why said judgment should not be revived in the name of Cunningham as adm'r &c. v. Capehart as adm'r &c., and have execution, and Capehart's adm'r appeared March 28, 1872, craved oyer of the scire facias, and demurred to the writ, which demurrer the court overruled March 30, 1872. The sheriff was permitted by the court, June 2, 1873, to again amend his return on the said summons, so as to read as follows :

" The defendant, Capehart, not being found, and not being at his usual place of abode when in Kanawha

county, nor his wife, nor no white member of his family over sixteen years of age found there, I served this writ on the 24th day of August, 1863, by posting an office copy hereof on the front door of his usual place of abode aforesaid; the said house at the time of said service was occupied by D. J. Lewis and his family.

"JOHN SLACK, JR., *S. K. C.*"

It appears from the bill of exceptions tendered by Capehart's administrator, and signed by the judge upon the hearing of the motion to "set aside" the judgment, that Capehart's administrator, to sustain said motion, gave in evidence the notice served upon Benedict, and proof of the service thereof; also a duly certified copy of the record of the judgment and proceedings and orders in the case of Benedict *v.* C. C. Capehart, and also the return made to the service of the summons as amended by the sheriff on June 2, 1873. On the 18th day of June, 1873, the court upon the hearing of the motion to vacate, annul and set aside the said judgment, overruled the same, and dismissed the motion.

The case now appears before this Court, upon writ of error to the judgment of said circuit court overruling said motion.

The appellant insists that the court erred in allowing the sheriff to amend his return as to the manner of service of the summons. The Code of 1860, chap. 49 sec. 27, declared: "Every officer to whom any order, warrant or process may be lawfully directed, shall make true return thereon of the day and manner of executing the same, and subscribe his name to such return." &c. * * * * "Any officer failing to comply with this section shall forfeit $20.00, and if he make a false return, shall forfeit therefor $100.00." It certainly is not reasonable to hold, that a sheriff should not be permitted to amend his return so as to show truly the manner of executing the summons, when the statute visits a penalty upon him for not making a *true* return. Parties litigant are not to be prejudiced by *non-return* or *false*

*return* of the sheriff. It would retard civil transact-
ions of society, subvert justice, and be *contra* public
good, and against public policy if the sheriff were not
permitted to amend his return according to the truth. It
has been repeatedly adjudicated in Virginia, that the
officer had the right to amend his return upon an exe-
cution. In the case *Wardsworth, &c.* v. *Miller et al,* 4
Gratt. 99, the sheriff was permitted to amend his return
upon an execution after an action, founded on said exe-
cution, had been commenced by the plaintiff in the exe-
cution against the sheriff and his sureties, on his official
bond.

In *Henry* v. *Stone,* 2 Rand. 461, Judge *Green* in
treating of the *return* of the sheriff who served the writ
in the suit, held that the sheriff "may amend his return"
by leave of the court." In the case before us, Capehart
appeared, not to the action, but by notice of a motion to
set aside, annul, and vacate the judgment obtained
against him by Benedict, upon the ground that the *pro-
cess* in the action "was not served according to law." If
it be true that Capehart had not been served with
process in the action, and had not appeared to the action
then under the statute, Code, 1860, ch. 181, §1, he had
the right to make the motion, he did, after reasonable
notice to said Benedict ; and Benedict would clearly have
the right to show that the process had been legally exe-
cuted, either by having the sheriff's return thereof
amended according to the very truth, or by evidence
*aliunde.*

Syllabus 3

I am therefore of opinion that the court did not err in
permitting the sheriff to amend the return.

The amended return relates back to and takes the
place of the original return ; we must therefore look to
the return as thus amended, to see whether the process
was legally served or not. The statute, Code 1860, chapter
170, section 5, declares : "The process to commence a
suit shall be a writ commanding the officer to whom it

is directed, to summon the defendant to answer the bill or action."

Section 6 declares : " Any summons or *scire facias* against any person may be served as a notice is served under the 1st section of chapter 167," &c.

Chapter 167, section 1, declares: "A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person ; or if he be not found at *his usual place of abode*, by delivering such copy and giving information of its purport to his wife or any white person found there, who is a member of his family and above the age of sixteen years, or if neither he nor his wife nor any such white person be found there, *by leaving such copy posted at the front door of said place of abode."*

In *Tompkins et al.* v. *Wiltberger*, 51 Ill. 389, Justice Walker, in delivering the opinion of the court, in treating of the sheriff's return, says : " It appears from the record that Tompkins was duly served with process, but, on an examination of the sheriff's return, it is found that the sheriff says, he '*also served Samuel Ashton by leaving a copy at his usual place of abode, with Mary Clohish, a member of his family, and a white person of the age of ten years and upwards, the* 16*th of November,* 1865.' It will be observed that this service on Ashton is not what the statute requires. It fails to state that the officer informed the person with whom the copy was left, of the contents thereof. It is a positive requirement of the law that the person shall be so informed, and in direct proceeding such service will not sustain a decree. The statute, for wise purposes, has made this requirement. Being designed to take the place of personal service, to avoid the danger that the defendant may not receive notice of the suit, the law has said, in addition to other requirement, the officer shall inform the person with whom the copy is left of its contents. In the case of *Cost* v. *Rose*, 17 Ill. 276, a return was held insufficient to support a decree, because it failed to show that the

copy was left with a "white person," a member "of the family," or that the person was informed "of the contents thereof."

In the case of *Bayland* v. *Bayland*, 18 Ill. 551, the court announced the rule, that in making service by copy left at the abode of defendant, as in the case of constructive service by publication, the requirements of the statute must be strictly complied with, and this must affirmatively appear in the record. In that case the defect in the return was, that it failed to show that the person with whom the copy was left was a member of defendant's family. And numerous other cases hold the returns *insufficient* because they omit some one of the particulars required by the statute. And in the case of *Bayland* v. *Bayland, supra*, it was held that such defects were not cured or aided by a recital of proper service in the decree. There was therefore no sufficient service on Ashton to warrant the rendition of the decree against him.

In *Bordeley* v. *Hines*, 33 Iowa 157-9, it was held that: "The statute authorizing constructive service must be strictly pursued." So also *Robertson* v. *Young*, 10 Iowa 291, and numerous other cases declare the same most common and proper principle ; and this Court in *Lewis* v. *Botkin*, 4 W. Va. 533, has simply followed that course without innovating. Therefore in considering this return as amended, we are governed in our rulings as the sheriff was in the execution of his writ, by the requirements of the statute. The question therefore recurs, viz: Does the amended return show such service of the summons as the statute requires? It does not. The statute authorizes three modes or ways of serving such a summons :

1st. "By delivering a copy thereof in writing to the party in person."

2d. If he be not found at his *usual place of abode*, then "by delivering such copy and giving information of its purport to his wife or any white person found

there, who is a member of his family and who is above the age of sixteen years."

3d. If neither he nor his wife, nor any such white person be found there, then "by leaving such copy posted at the front door of *said place of abode.*"

Now it is apparent from the amended return itself, that the sheriff attempted to serve the summons in the third mode. He says, by the amended return, "the defendant Capehart not being found, and not being at his usual place of abode *when in Kanawha county,* nor his wife nor no white member of his family over sixteen years of age found there, I served this writ on the 24th day of August, 1863, by posting an office copy thereof on the front door of his usual place of abode *aforesaid;* the said house at the time of said service was occupied by D. J. Lewis and his family." Syllabus 4

What does the statute mean by the expression " *his usual place of abode ?*"

When we consider that the object of the statute was, to enable the defendant to know, or have notice of the action against him, that he might protect his rights therein, it is clear the statute meant his usual place of abode *eo instanti,* that the summons was posted, not a place of casual abode, but one of present abiding. It would be absurd to hold, that a boarding house, or place where a person stopped temporarily when visiting a city or country on matters of business or socially, should be considered his usual place of abode when his visit or stay had ended and he absent, so as to make the posting of a summons on the front door thereof legal notice.

The case of *Segouine* v. *The Auditor,* 4 Munf. 398, has been cited as authority to support the return as amended in this case. I think it is conclusive against this return. There the return was, " that he did on the 3d day of August, 1812, deliver to *Joseph Segouine,* a free white person above sixteen years of age, *at the residence of the within named Joseph Segouine when in the State of Virginia, he being a boarder of the first mentioned Joseph*

1878.
Special Term.

Capehart, adm'r
v.
Cunningham,
adm'r.

*Segouine,* to whom he made known the purport," &c. Now it is plain from the return itself that the defendant, *Joseph Segouine,* was a border at the house at the very time the notice was served there.

But the return in the case before us, does not pretend to state that the summons was posted on the front door of the defendant's *usual place of abode,* but says, " *his usual place of abode when in Kanawha county,*" thereby showing it was not the defendant's place of abode at the time of the posting of the summons. In fact the statements that, "Capehart not being found and not being at his usual place of abode when in Kanawha county, nor his wife nor no white member of his family over sixteen years of age found there," and that, " the said house at the time of said service was occupied by D. J. Lewis and his family," show conclusively that at the time of the attempted service that house was not Capehart's usual place of abode and that the sheriff did not consider it so.

For the foregoing reasons without considering further the other objection made to the return as the same has been settled in the case of *Lewis v. Botkin,* I am of opinion that the return does not show legal service of the process upon the defendant, and as was well said by Scates, C. J., in *Bayland* v. *Bayland, supra,* " parties are not to be prejudged of their rights or deprived of their property without notice." Under the principles laid down in *Wynn* v. *Wyatt's adm'r,* 11 Leigh 584, the defendant was under no obligation to appear to the action, since process was not served according to law ; and the entering of office judgment at rules, and directing the writ enquiry against him by the clerk, upon the supposed default of appearance, were without warrant, and were therefore clerical errors.

Those proceedings being erroneous, it follows that the assessing of damages by the jury, and consequently the giving of judgment on the verdict of the jury were errors, that the defendant had a right to move the circuit court

Syllabus 1

Syllabus 2

to correct, and upon its refusal to do so, then to bring the matter before this Court by writ of error.

For the foregoing reasons, there is error in the judgment of said circuit court, rendered on the 18th day of June, 1873, overruling the motion to reverse the original judgment rendered in this cause, and there is also error in said original judgment. The said judgment of June 18, 1873, must be reversed, and also the said original judgment rendered in the cause on the — day of —, 18—, and the plaintiff in error recover against the defendant in error his costs in this suit in this Court expended. And this Court, proceeding to render such judgment as the said circuit court should have rendered in the cause, the verdict of the jury rendered in this cause is set aside, and also the orders made at rules in the cause, and the defendant in said original judgment must recover against the plaintiff therein his costs about his notice and motion made in this cause before the judge of said circuit court. And this cause is remanded to said circuit court, with directions to it to remand the same to the rules thereof, with leave to the plaintiff to sue out in the cause against the defendant an *alias* summons.

The other Judges concurred.

JUDGMENT REVERSED.