# WHEELING.

## RAILWAY CO. v. RYAN.

Submitted June 15, 1888 —Decided June 27, 1888.

1. INJUNCTION—JUDGMENT OF JUSTICE—FAILURE TO SERVE PROCESS.
    A judgment pronounced by a justice without service of process upon or notice to the defendant is void. But as such judgment may be set aside, even when rendered upon the verdict of a jury,

by the Circuit Court upon a writ of *certiorari*, the defendant in the judgment can not obtain relief against it in a court of equity.

31 64   364 506

2. INJUNCTION—DISMISSAL OF BILL—PERSONAL DECREE AGAINST PLAINTIFF.

31 66   364 305

Where upon a bill filed to enjoin a void judgment the plaintiff is denied all relief, for the reason that he has an adequate remedy at law, it is error to enter a personal decree against the plaintiff for the amount of the judgment enjoined upon the dissolution of the injunction. In such case the only power possessed by the court is to dissolve the injunction and dismiss the bill with costs.

*George S. Couch* and *W. A. Quarrier* for appellant.

*S. Littlepage* and *Kennedy & Littlepage* for appellees.

SNYDER, JUDGE :

In August, 1887, the Kanawha & Ohio Railway Company, a domestic corporation, filed its bill in the Circuit Court of Kanawha county against Kate Ryan and J. T. Brodt, a justice of said county. The allegations of the bill are that on July 1, 1887, the defendant, Kate Ryan, brought an action before the defendant Brodt, a justice of Kanawha county, demanding judgment for $300.00; that on July 7, 1887, the action was tried by a jury, and a verdict found for $300.00, on which the justice entered judgment; that the justice had no jurisdiction to render said judgment, because there was no legal service of process on this plaintiff, and it made no appearance in any manner to the action, and therefore the said judgment is utterly void. The prayer is that the defendants be enjoined from issuing execution upon said judgment, and that the same may be declared null and void, etc. The injunction, as prayed for, was awarded by the judge in vacation. At the January term, 1888, the defendants appeared, and demurred generally to the bill. The cause having been submitted to the court on the demurrer and the motion of the defendants to dissolve the injunction, on consideration whereof the court, by its decree of January 10, 1888, sustained the demurrer, dissolved the injunction, and made a personal decree against the plaintiff for $322; that being the amount of the principal, interest, damages, and costs found to be due on the judgment enjoined in the cause, and the costs of this suit. It is from this decree that the plaintiff

has appealed. The return on the summons issued by the justice, which is exhibited with the bill, is in these words: " Served the within by delivering a true copy to G. S. Couch in person, attorney in fact to accept service of process for Kanawha & Ohio Railway, July 1, 1887.—PETER SILMAN, C. K. C."

Our statute (see section 37, ch. 54, Code 1887,) provides that every corporation shall, by power of attorney, appoint some person residing in this State, wherein it has its principal office or place of business, to accept service, on behalf of the corporation, of any process or notice ; and also that the process served upon the person so appointed shall be legal and binding upon the corporation. And sections 34, 35, 36, and 37 of chapter 50 of the Code provide the manner in which service may be made on corporations for the commencement of actions in a justice's court. The next section is as follows : " 38. Service on any person under either of last four sections [that is, section 34, 35, 36, and 37 of chapter 50 of the Code, which includes service on the attorney appointed under chapter 54, as aforesaid], shall be in the county in which he resides, and the return must show this, and state on whom the service was ; otherwise the service shall not be valid." Comparing the return with the provisions of this statute, it is apparent that the service on the corporation was invalid, because it fails to show that it was served on the attorney in the county of his residence. The statute expressly commands that the return shall state that the service was in the county in which the person served resides ; and declares that, unless this is done, " the service shall be invalid." The service being thus invalid, and there having been no appearance by the corporation before the justice, the judgment, under such circumstances, is an absolute nullity. An invalid service is the same as no service whatever ; and the law is well settled that a judgment rendered without an appearance by or service upon the defendant is void for the want of jurisdiction in the court to pronounce judgment. Freem. Judgm. §§ 495, 521.

The next inquiry is, will a court of equity entertain jurisdiction to enjoin a judgment at law upon the ground of its being void. In High on Injunctions, the author, after re-

viewing many cases on this subject, says in section 230 : " While the discussion of this branch of the preventive jurisdiction of equity, as applied to void judgments, as shown in the preceding sections, has demonstrated a remarkable conflict of authority upon the right of relief by injunction in such cases, the prevailing tendency of the courts seems towards the establishment of the simple test, in such cases, of whether adequate remedy exists at law for the protection of the judgment debtor against the void judgment. Where such remedy exists, either by appeal, *certiorari*, application to the court itself which rendered the judgment, or any other legal and adequate manner, no satisfactory reason is perceived why equity should depart from the universal rule of withholding its extraordinary aid to redress a grievance which is remediable at law. Upon the other hand, where no adequate or complete remedy may be had at law in the usual and accustomed methods of procedure, it is equally difficult to conceive of any satisfactory reason for withholding relief by injunction, since the injury resulting from an absolutely void judgment would be otherwise irreparable. And while the decisions of the courts are, as already shown, far from being reconcilable even upon this simple test, it is believed that the tendency is towards its ultimate adoption as the true solution of this vexed question."

This, it seems to me, correctly states the rule of law on this subject; and especially is it the rule in Virginia and this State to deny and withhold relief in equity where there is a plain and adequate remedy at law. In *Hudson* v. *Kline*, 9 Gratt. 379, the court says : " It has been a favorite policy in this State, especially of late, not to afford relief in equity except in cases of concurrent jurisdiction. In all other cases he must avail himself of his legal remedy. If, without his default, he be deprived of all remedy at law, equity may relieve him ; but, if any legal remedy remain to him, (that is adequate remedy,) though he may have lost, by misfortune, and without fault of his adversary, other concurrent legal remedies, he must resort to his remaining legal remedy." In *Goolsby* v. *St. John*, 25 Gratt. 146, the bill was filed to enjoin execution on a judgment which had been rendered without service of process or notice of the action. On de-

murrer to the bill, the court held that, the defendant in the judgment having had notice of the judgment within the time limited for a motion to quash it, he had a remedy at law by such motion, and therefore he was not entitled to relief in equity.

The case at bar is very similar to the one last cited. That was a case in a court of record, while this is one tried by a jury in justice's court. But, with this difference, the two cases are the same; and, if there is any adequate legal remedy by which the plaintiff here can obtain redress in any proceeding at law, then, upon the principles decided in *Goolsby* v. *St. John*, it can not be entertained in a court of equity. This case having been tried before a justice by jury, the plaintiff could not have the case re-tried *de novo* by appeal under our statute. *Barlow* v. *Daniels*, 25 W. Va. 512. But this Court has decided in *Fouse* v. *Vandervort*, 30 W. Va. 327, 4 S. E. Rep. 298, that the Circuit Court has jurisdiction to review and reverse the judgment of a justice, rendered upon the verdict of a jury, by writ of *certiorari*. This is a plain and adequate remedy, which was open to the plaintiff here when his bill was filed in the Circuit Court, and which may still be resorted to by him to reverse the judgment here enjoined. It is therefore apparent, according to the principles hereinbefore announced, that the plaintiff, having an adequate remedy at law, is not entitled to relief in equity; and therefore the Circuit Court did not err in sustaining the demurrer to the plaintiff's bill.

If this were all that appeared in the decree of the Circuit Court, the same ought to be affirmed by this Court; but that court not only sustained the demurrer and dissolved the injunction; it also entered a personal decree for the aggregate amount of the said void judgment, damages, and costs. Thus, in the same decree, it has adjudged that it has no jurisdiction to entertain the suit, and also pronounced a personal decree against the plaintiff, and thereby, not only denied all relief to the plaintiff, for the reason that he had an adequate remedy at law, but, by its affirmative action, destroyed that legal remedy, and placed the plaintiff in a position which prevents him from obtaining relief elsewhere. This portion of the decree was therefore clearly erroneous. In pronounc-

ing this personal decree, the court was evidently acting under the misapprehension that our statute (section 12, ch. 78, Acts 1882,) compelled it to enter such decree. *Wamsley* v. *Currence*, 25 W. Va. 543.

This statute, after providing that, when an injunction to stay proceedings on a judgment is wholly or in part dissolved, there shall be decreed to the judgment creditor damages, etc., proceeds as follows : " And in all cases the court or judge dissolving the injunction shall ascertain and enter in the decree of dissolution the amount of principal, interest, damages, and costs, including officer's fees and commissions due upon the judgment or decree at the date of the dissolution of the injunction, and shall award execution therefor against the defendant in the judgment," etc. While the language employed in this statute is very comprehensive, it would be both unreasonable and unjust to construe it to apply to a case such as the one under consideration. In this case the court sustained the demurrer to the bill on the ground that it had no jurisdiction, and therefore wholly dissolved the injunction.

The only decree the court had power to enter in such case was one dismissing the plaintiff's bill; and this it is in positive terms directed to do in the section of the statutes following the one above quoted, which is as follows : " 13. Where an injunction is wholly dissolved, the bill shall be dismissed, with costs, unless sufficient cause be shown against such dismission." Code, ch. 133, § 13. In this cause, the court, instead of dismissing the bill, as it should have done, entered, as we have seen, a personal decree against the plaintiff, whereby it took from him his legal remedy to have the alleged judgment set aside, and made the said judgment, which is confessedly reversible, if not absolutely void, valid, and conclusively binding upon him. This was clearly an error, and for this error said decree must be reversed; and, this Court proceeding to enter such decree as the Circuit Court ought to have entered, the demurrer to the plaintiff's bill is sustained, the injunction wholly dissolved, and the said bill dismissed, with costs.

INJUNCTION DISSOLVED.    BILL DISMISSED.