## CHARLESTON.

### TAYLOR *v.* OHIO RIVER R'Y CO.

Submitted June 15, 1891.—Decided November 21, 1891.

SUMMONS—JUSTICE OF THE PEACE.

> Service of a summons in an action before a justice against a domestic railroad corporation upon its president must be in the county in which he resides, and the return must show that fact, else it is invalid. A judgment based on a return of service not showing that fact, there being no appearance, is void.

*V. B. Archer* for plaintiff in error, cited 31 W. Va. 366; Freem. Jdgmts. §§ 495, 521; 34 W. Va. 207.

*Simpson & Howard* and *J. B. Menager* for defendant, in error cited 31 W. Va. 366.

BRANNON, JUDGE:

Adam Taylor recovered judgment before a justice of Mason county against the Ohio River Railroad Company upon the verdict of a jury, and the case went to the Circuit Court by *certiorari;* and, the judgment having been there affirmed, the company brought the case to this Court.

The point of error assigned against the judgment is that the return of service upon the president of the summons to answer the action, while it shows such service to have been made in Mason county, does not show that is the county of his residence. The Code (Ed. 1887,) c. 50, s. 34, reads as follows:

" (34) Unless otherwise specially provided, such process or order, and any notice against a corporation, may be served upon the president, cashier, treasurer, or chief officer thereof, or if there be no such officer, or if he be absent, on any officer, director, trustee, or agent of the corporation, at its principal office or place of business, or in any county in which a director or other officer or any agent of said corporation may reside. But service at any time may be made

upon any corporation in the manner prescribed for similar proceedings in the Circuit Court."

Sections 35-37 provide for service on foreign corporations, foreign insurance and express companies and banks, and need not be further mentioned. Then section 38 provides as follows:

"(38) Service on any person under either of the last four sections shall be in the county in which he resides, and the return must show this, and state on whom and when the service was; otherwise the service shall not be valid."

Leaving out the closing clause of section 34, authorizing for process in justices' courts similar service to that for process in suits in Circuit Courts, it would seem to be very plain that a return of service on a president of a domestic corporation, not showing that the service was made in the county of his residence, would be bad. But it is contended that said closing clause adds to its preceding provisions, and gives an additional mode of service, provided by another section of the Code, namely, section 7, c. 124, and that this service and return will be sustained by that section. That section is as follows:

"(7) It shall be sufficient to serve any process against or notice to a corporation on its mayor, president, or other chief officer, or any person appointed pursuant to law to accept service of process for it, or in his absence from the county or municipal corporation, to the officer of which the process is directed, it shall be sufficient to serve the notice or process, if the corporation to be served be a city, town, or village, on two members of the council, and if it be not a city, town, or village, on the secretary, cashier, or treasurer, and if there be none such, or he be absent, on a member of the board of trustees, directors, or visitors. If there be not within the State any other person on whom there can be service as aforesaid, service on a director, agent (including, in the case of a railroad company, a depot or station agent in actual employment of the company) or other officer of the corporation against which the case is, shall be sufficient."

To justify the omission by the return to show that this service was in the county in which the president of the

company resided, it is urged that while, if the service were tested only by section 34 of chapter 50 without its closing clause, the return would be bad, yet as under such closing clause the service may be under section 7 of chapter 124, and as this section does not require the return to show that the service was in the county in which the president resided, the return is good.

If this be so, then this unreasonable result would follow namely : Service on the corporation president is authorized under both sections. You serve on such president. One section requires the return to show that it was in the county of his residence; the other does not. In one breath the law says the fact must be shown; in the same, that it need not be shown ; an enactment and repeal in the same act; a command and retraction in the same instant. If there were any persons named in section 34 for service of process not named in section 7, it might be said with some force that where service was on one named in section 34, but not in section 7, the return must show service in his county, but, if on one named in both, it need not; but there are none named in section 34 not named in section 7, and there are some named in section 7 not named in section 34.

Until chapter 59, Acts 1887, was enacted, section 34 did not contain said closing clause ; but in 1887 the section was amended by adding—"or in any county in which a director or other officer or any agent of said corporation may reside. But service at any time may be made upon any corporation in the manner prescribed for similar proceedings in the Circuit Court." Here, as pertinent to the legislative intent, it is to be noted that at the date of this amendment the legislature still held to the policy of having the services in justices' courts in the county where the person served resided ; for, while intending no longer to limit the place of service on any officer, director, trustee or agent of the corporation to the principal office or place of business, but extending it to the extent of the county, yet it limited it to the county of residence; a circumstance tending to show, that in making the closing clause it did not intend to dispense with the provision of section 38 requiring service in the county of residence.

What does this closing clause mean? It had been found that the law did not afford sufficient facility of service of process issued by justices, and it was thought proper to give the right to serve such process on the same persons on whom process in other courts might be served. There were some persons specified in section 7 on whom circuit court process could be served, but on whom justices' process could not be served; for instance, a person appointed under section 37, c. 54, to accept service of process, and especially railroad station agents, included in section 7, but not in section 34, and perhaps others, such as mayors, councilmen and trustees, so as to expressly name them, to avoid question as to whether they would be included under section 34. It was simply to make the right to serve justices' process co-extensive with process of other courts, so far as regards the persons on whom service should be made, and not to dispense with the requirements of section 38 of the justices' chapter, touching only the place of service and the return, requiring the service to be in the county of residence of the person served, and that the return should show that fact and the person and date of service.

If the legislature intended that those requirements should cease, why did it leave section 38 intact? Did it amend section 34 by adding the closing clause with the very purpose of no longer requiring service in the county wherein the person served resided, and yet forget section 38, and leave it standing? We can not say this; but, if its continuance was in fact by inadvertence, that does not alter it, for there it stands, and this Court can not repeal it. All these provisions are in the Code, and are *in pari materia*, and, under the familiar rule, all these sections must be held up before our eyes, and each given a force and meaning, and assigned a function, if not in utter and irreconcilable conflict. Thus we give section 38 the plain meaning spoken by its letter, requiring process against corporations emanating from justices' courts, no matter on what person served, whether one named in section 34 of chapter 50 or section 7 of chapter 124, to be served in the county in which the person served resides, and the return to show that fact.

Suppose the legislature, in amending section 34, instead of amending by adding the closing clause, had incorporated in the section every one of the persons specified in section 7 for service of process. Who would doubt that section 38, requiring service to be in the county of residence, would apply? Has it not in effect done the same thing by the closing clause? For the purposes of this question, every person specified in section 7 is to be regarded as if specified expressly in section 34, and then comes section 38, broadly declaring that service on any person under either of the last four sections—34 being one of them—shall be in the county in which the person resides, and that the return must show that fact or be invalid.

The case of *Railway Co.* v. *Ryan*, 31 W. Va. 364 (6 S. E. Rep. 924) is pointed authority to overthrow the return of service in this case, as it holds that a return of service of a summons from a justice against a corporation, showing a service on an attorney in fact appointed to accept service of process, was bad, because it failed to show that it was served in the county of his residence; and the judgment was held void. Now note that such attorney to accept service is one not named in section 34, c. 50, but named in section 7, c. 124; yet it was necessary, that case held, to serve in the county of his residence. But it is said that the court in that case overlooked entirely the closing clause of section 34. True, it is not mentioned in the opinion, but we must not assume that it was overlooked; and, moreover, it could not have altered the decision. But for the suggestion that said clause was overlooked, we should not have reconsidered the question.

Therefore we reach the conclusion that the judgment of the justice was erroneous—indeed void—as being rendered without appearance upon a return of service branded by law as invalid; a judgment without service of process, and therefore without jurisdiction of the person. *Railway Co.* v. *Ryan, supra;* Freem. Judgm. §§ 495, 521; 1 Black, Judgm. § 220; *Capehart* v. *Cunningham,* 12 W. Va. 750.

For these reasons the judgment of the Circuit Court is reversed and annulled; and, this Court rendering such judgment as that court should have rendered, the judgment of

the justice is reversed and annulled, the verdict of the jury set aside, and the case remanded to the Circuit Court.

Reversed.   Remanded.