# CHARLESTON.

ANDERSON *v.* DOOLITTLE *et al.*

Submitted September 9, 1893,—Decided December 9, 1893.

1. REVERSAL OF JUDGMENT—WAIVER.

   Upon a motion to reverse a judgment by default for defective service of process on a sheriff by his deputy, the defendant, who was sheriff, says he wishes to take no advantage of such return, if defective. Though he is a plaintiff in the motion to reverse, this is a waiver or *retraxit* of the motion, and a release of error as to him; and, as he alone is prejudiced by the alleged defect, it is no ground for reversal as to any of the defendants.

2. REVERSAL OF JUDGMENT—AMENDMENT.

   It is proper, on the hearing of a motion to reverse a judgment ment by default for defective return of the summons in the action, to allow the sheriff to amend his return, and then overrule the motion to reverse, if the amended return be good. The amended return relates back, and takes the place of the original defective one.

80

J: B. LAIDLEY and E. S. DOOLITTLE, for plaintiff in error.

GUNN & SWITZER, for defendant in error.

The same briefs were filed in this case as in the preceding case, which see for citations of authorities.

BRANNON, JUDGE:

Anderson having recovered a judgment by default in an action of debt against E. S. Doolittle, F. L. Doolittle and E. Kyle, the judgment debtors moved the judge of the Circuit Court of Cabell county to reverse it for certain alleged errors; and, the judge having refused to do so, they bring this writ of error.

The first point of assigned error is, that the service of the writ upon Kyle in the action, in which the judgment was rendered, was irregular, in that the return of service shows that it was served on Kyle by his deputy—Kyle being sheriff—as the deputy can not serve on his principal; section 1, c. 41, Code, providing that the County Court shall designate some one to serve process, where the sheriff is a party.

It is unnecessary to pass upon that question, as on the motion to reverse the judgment Kyle appeared and said he desired to take no advantage of the service of process on him, if defective. This is a waiver or release of error by Kyle and a withdrawal as to him of the motion to reverse, he being the only party prejudiced by the defect. It is acceptance of service of the summons, and relates back to the original service. Moreover, Stewart, the deputy, made an affidavit that he served the summons as an individual, which was filed as an amendment to his return by leave of court on the motion to reverse, which was proper. In *Capehart* v. *Cunningham*, 12 W. Va. 750, it was held that even upon the hearing of a motion to reverse the judgment for defective service of process, like this motion, the sheriff will be permitted to amend his return, and the amended return relates back to, and takes the place of, the original return. So there is no ground of reversal for that cause.

The other errors assigned are that there was a variance

between writ and declaration, and that the plaintiff did not file with his declaration or in court before judgment the affidavit prescribed by section 46, c. 125, Code. These points are the same as involved in the case of *Anderson* v. *Doolittle, supra* p. — (18 S. E. Rep. 724) and I refer to the opinion by Judge DENT for reasons for holding them insufficient to reverse the judgment. Affirmed.