# CHARLESTON.

FRAZIER *v.* KANAWHA & M. RY. CO.

Submitted January 31, 1895—Decided March 27, 1895.

CORPORATIONS—SERVICE OF PROCESS.

Process emanating from the Circuit Court against a corporation may be served upon any person appointed pursuant to law to accept service for it; but such service must be in the county in which such person resides, and the return must show this, and state on whom and when the service was, otherwise the service shall not be valid.

COUCH, FLOURNOY & PRICE for plaintiff in error:

*Return of service bad.*—Code, c. 41, s. 6; *Id.*, c. 124, s. 7; 31 W. Va. 364; 35 W. Va. 328; Code, c. 54, s. 24; *Id.*, c. 123, s. 1; *Id.*, c. 50, ss. 32, 39.

*Demurrer to declaration.*—Stephens on Plead. 69-70; Chitty on Plead. 465; 9 Gratt. 37.

*No oath or bond.*—Code, c. 85, s. 1 and 5; *Id.* c. 85, s. 10; *Id.* c. 118 s. 2 and 3.

*Evidence as to heirs of Thomas Fife.*—45 Ohio St. Rep. 470;

4 Amer. St. Rep. 548; 57 Ga. 277; 29 Gratt. 255; 31 Gratt. 855; 26 W. Va. 143; 29 W. Va. 410.

*Clark's Jurisdiction limited and special*—Code, c. 118, ss. 1, 2, 3; 27 W. Va. 244, 256.

*Appointment of Adm'r not reported to next regular session.*—Code, c. 118, ss. 1, 2, 3; 34 W. Va. 400.

*Measure of damages.*—32 W. Va. 371, 377 *et seq.;* 152 U. S. 230; 113 Ind. 119; 48 Am. Dec. 637, note; 12 Am. St. Rep. 375, extended note; 17 Lawyers Reports Anno. 71, extended note; 31 W. Va. 316-317 and cases cited. Also p. 242 *et seq.;* 18 Q .B. 93; 3 Hurl. & N. 211; 29 Gratt. 570; 32 Gratt. 394; Death by Wrongful Act, Tiffany, see statutes and authorities there collected; 84 Cal. 515; 26 Ind. 477; 127 Ind. 545; 48 Fed. Rep. 663; 33 Conn. 51; 36 Conn. 152; 51 N. W. Rep. 244.

*Must be natural and proximate cause.*—31 W. Va. 231 and cases cited; 17 W. Va. 190.

*Nominal damages only.*—45 Ill. 197; 92 Amer. Dec. 206.

J. E. CHILTON and W. E. CHILTON for defendant in error, cited Code, c. 54, s. 37; 3 W. Va. 582; 20 W. Va. 571; 29 W. Va. 406; 12 Gratt. 89, 90, 91; 10 Gratt. 358, 377; 9 Leigh 119; 2 Rob. R. 102; 9 Gratt. 312, 328; 138 U. S. 439; 20 N. Y. S. 164; 21 S. W. Rep. 1088; *Id.* 1094; 22 S. W. Rep. 984; 50 N. W. Rep. 443; 89 Tenn. 575, 311; 18 S. W. Rep. 1139; 34 W. Va. 402; 8 Wheat. 642; 2 N. H. 437, 438; 1 Vermont 151; 10 W. Va. 507; Code, c. 125, s. 39; 10 W. Va. 507; 2 W. Va. 495; 21 W. Va. 218-19; 4 W. Va. 138, 634-35; 33 W. Va. 197; 37 W. Va. 606; 38 W. Va. 658.

SIMMS, ENSLOW & CHILTON for defendant in error:

*As to appointment of administrator.*—9 Gratt. 142; 12 Gratt. 85; 5 Johnson Ch'y N. Y. 334; 19 Gratt. 14; 4 Colorado 1; Sutherland on Statutory Constructions, 222.

*As to instructions.*—27 W. Va. 32; 32 W. Va. 370; 29 N. Y. 286.

ENGLISH, JUDGE:

On the 4th day of July, 1891, William E. Fife was traveling as a passenger on the Kanawha & Michigan Railway,

and was killed by a wreck occasioned by the falling of a bridge on the line of said railway in Kanawha county. On the 16th day of July, 1891, C. T. Fife was appointed administrator of his estate, and on the 21st day of June, 1893, the clerk of the County Court of Putnam county, in which county said W. E. Fife resided at the time of his death, made an order in vacation, reciting the facts as to the appointment of C. T. Fife as administrator of W. E. Fife, and his subsequent death, and upon the motion of J. L. Bowyer appointing J. E. Frazier, "sheriff of this county," administrator *de bonis non* of the personal estate of said W. E. Fife, deceased.

On the 1st day of July, 1893, an action of trespass on the case was brought in the Circuit Court of Kanawha county in the name of J. E. Frazier, sheriff, and administrator *de bonis non* of the estate of W. E. Fife, deceased, against the Kanawha & Michigan Railway Company, claiming ten thousand dollars damage on account of the death of his intestate. On the 12th day of December, 1893, when the case was called for trial, the defendant, by counsel, appeared for the purpose of moving to quash the plaintiff's writ and return thereon, which motion, having been made and considered by the court, was overruled, and the defendant excepted, and thereupon the defendant, by its attorneys, craved oyer of the plaintiff's letters testamentary, which were produced, and read to it, whereupon said defendant demurred to the plaintiff's declaration, and each count thereof, in which demurrer the plaintiff joined, which demurrer was overruled, and the defendant again excepted. The defendant then tendered six special pleas in writing, numbered from one to six, inclusive, to the filing of which, and each of them, the plaintiff objected, which objections were overruled, and said pleas were filed, and the plaintiff excepted; and the defendant also pleaded not guilty, and issue was thereon joined. The plaintiff replied generally to special pleas Nos. 1 and 4, and issue was thereon joined. Issue was also joined on special pleas Nos. 2 and 3, and the plaintiff replied generally to special plea No. 5, and issue was joined thereon and on plea No. 6. Said special pleas are in the words and figures following:

No. 1: "And for further plea in this behalf said defendant says that the plaintiff, J. E. Frazier, was not, at the time of the institution of this suit, nor ever hath been since said time, and is not now, the administrator *de bonis non* of W. E. Fife, deceased, and this it is ready to verify."

No. 2: "And for further plea in this behalf the said defendant says that the plaintiff, J. E. Frazier, was not at the time of the institution of this suit, nor ever hath been since said time, and is not now, the administrator *de bonis non* of W. E. Fife, deceased, and of this it puts itself upon the country."

No. 3: "And for further plea in this behalf the said defendant says that the plaintiff, J. E. Frazier, was not at the time of the institution of this suit the administrator *de bonis non* of W. E. Fife, deceased, and of this it puts itself upon the country."

No. 4: "And for further plea in this behalf the said defendant says that the plaintiff, J. E. Frazier, was not at the time of the institution of this suit the administrator *de bonis non* of W. E. Fife, deceased, and this it is ready to verify."

No. 5: "And for further plea in this behalf the defendant says that the plaintiff, J. E. Frazier, is not now the administrator *de bonis non* of W. E. Fife, deceased, and this the said defendant is ready to verify."

No. 6: "And for further plea in this behalf the defendant says that the said J. E. Frazier is not now the administrator *de bonis non* of W. E. Fife, deceased, and of this it puts itself upon the country."

On the 13th day of December, 1893, the case was submitted to a jury, which resulted in a verdict for the plaintiff, assessing the damages at four thousand, five hundred dollars. During the progress of the trial, and after all of the evidence was put before the jury, the court, at the instance of the plaintiff, gave to the jury the following instructions, marked one, two, three, and five:

No. 1: "The court instructs the jury that the law, in tenderness of human life, holds railroad companies liable for the slightest negligence, and compels them to repel by satisfactory proofs every imputation of such negligence. When

a railroad company undertakes to carry passengers by the agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. Any negligence or default in such cases makes such carrier liable in damages under the statute."

No. 2: "The jury are instructed that the defendant railway company is held by the law to the utmost care, not only in the management of its train and cars, but also in the structure, repair, and care of the track and bridges, and all other arrangements necessary to the safety of the passengers."

No. 3: "The jury are instructed that while they must assess the damages with reference to the pecuniary injuries sustained by the distributees in consequence of the death of W. E. Fife, they are not limited to the losses actually sustained at the precise period of his death, but may include all prospective losses, provided they are such as the jury believe from the evidence will actually and fairly and justly result to the distributees as the proximate damages arising from the wrongful death."

No. 5: "The court instructs the jury that in the record exhibited in this case the plaintiff, J. E. Frazier, is the administrator *de bonis non* of W. E. Fife, deceased, and as such can maintain this action."

The defendant moved the court in arrest of judgment, and to set aside the verdict of the jury rendered in the case, and award it a new trial, upon the ground that the said verdict was contrary to the law and the evidence, was excessive and exorbitant, and upon the further grounds that the court misinstructed the jury, and for other errors apparent upon the record, which motions were overruled, and the defendant excepted. The court rendered judgment upon said verdict, and the defendant applied for and obtained this writ of error.

The first error assigned and relied upon by the plaintiff in error is claimed to be in the action of the Circuit Court in overruling the defendant's motion to quash the return on the writ—that said return does not show that George S. Couch, the attorney upon whom it was served, resided in Kanawha

county when it was served.   The return on said summons is
as follows: "Executed the within summons the first day of
July, 1893, by delivering an office copy thereof to George
S. Couch, the attorney of record appointed by the Kanawha
& Michigan Railway Company on whom process can be
served, this day, in the county of Kanawha, state of West
Virginia.  Given under my hand this 1st day of July, 1893.
J. G. Wilson, Deputy for Peter Silman, S. K. C." Did the
Circuit Court err in overruling this motion?  In determin-
ing this question we must look to the statute which pre-
scribes the mode in which process shall be served upon a
corporation.   Section six of chapter forty one of the Code,
among other things, provides that "the service of process
when person or property is not to be taken into custody, or
it is not otherwise specially provided, shall be subject to the
regulations contained in the several sections from thirty two
to thirty nine inclusive of chapter fifty of the Code."  Sec-
tion thirty four of chapter fifty provides that: "Unless
otherwise specially provided such process or order and
any notice against a corporation may be served upon the
president, cashier, treasurer or chief officer thereof, or if
there be no such officer, or if he be absent, on any officer, di-
rector, trustee or agent of the corporation at its principal of-
fice or place of business, or in any county in which a director
or other officer or any agent of said corporation may reside.
But service at any time may be made upon any corporation
in the manner prescribed for similar proceedings in the cir-
cuit court."   And section thirty eight provides that "service
on any person under either of the last four sections shall be
in the county in which he resides; and the return must show
this, and state on whom and when the service was, other-
wise the service shall not be valid."  The ninth clause of
section 17, chapter 14, p. 124, of the Code, under
heading of "Statutes and Rules of Construction," provides
that "the word 'person' includes corporations if not restrict-
ed by the context."   It is true that section 7 of chapter 124,
under the head of "Process Commencing Suit," *etc.*, provides
that "it shall be sufficient to serve any process against or no-
tice to a corporation on its mayor, president or other chief

officer, or any person appointed pursuant to law to accept service of process for it," *etc.*, but when we wish to ascertain how process is to be served upon these persons the information is obtained by turning to the statutes which have been quoted above, which prescribe the manner in which such process shall be executed and returned, which statutes, being in *pari materia*, are to be construed together. Now, the words with which section 38 of chapter 50 commence, to wit, "Service on any person under either of the last four sections shall be in the county in which he resides," includes "service upon any corporation in the manner prescribed for similar proceedings in the circuit court;" that is, as we find it provided in section 7 of chapter 124, "by serving the process *inter alia* on any person appointed pursuant to law to accept service of process for it," and such service being under one of the last four sections, as contemplated by section 38, of chapter 50, must be in the county in which the person resides upon whom it is executed, and the return must show this, and state on whom and when the service was, otherwise the service shall not be valid. In the case of *Railway Co.* v. *Ryan*, 31 W. Va. 366 (6 S. E. Rep. 924) Snyder, J., in delivering the opinion of the court, says: "And sections 34-37 of chapter 50 of the Code provide the manner in which service may be made on corporations for the commencement of actions in a justice's court. The next section is as follows: '38. Service on any person under either of the last four sections that is, sections 34-37 of chapter 50 of the Code, which includes service on the attorney appointed under chapter 54, as foresaid shall be in the county in which he resides, and the return must show this, and state on whom the service was, otherwise the service shall not be valid.' Comparing the returns with the provisions of this statute, it is apparent that the service on the corporation was invalid, because it fails to show that it was served on the attorney in the county of his residence. The statute expressly commands that the return shall state that the service was in the county in which the person served resides, and declares that, unless this is done, the service shall be invalid. The service being thus invalid, and there having been no appearance by the

corporation before the justice, the judgment, under such circumstances, is an absolute nullity. An invalid service is the same as no service whatever, and the law is well settled that a judgment rendered without an appearance by or service upon the defendant is void for want of jurisdiction in the court to pronounce judgment. Freem. Judgm. §§ 495, 521." Now, when we refer again to section six of chapter forty one under the head of "The Execution and Return of Process," we find that when person or property is not to be taken into custody, or it is not otherwise specially provided, such service shall be subject to the regulations contained in the several sections from thirty two to thirty nine, inclusive, of chapter fifty of the Code, which includes section thirty eight, which provides that service under said sections shall be in the county in which the person resides, and the return must show this, and state on whom and when the service was, otherwise the service shall not be valid. There can be no question but that this process should have been served subject to the regulations contained in the several sections from thirty two to thirty nine, inclusive, of chapter fifty, of the Code, because neither person nor property was to be taken into custody, and it is not otherwise specially provided. Section seven of chapter one hundred and twenty four provides on whom the process may be served, to wit, "any person appointed pursuant to law to accept service of process for it," but is silent as to the manner in which such service may be made; and when the officer executing the process wishes information as to the regulations respecting such service and his return thereon, he finds it alone in the last paragraph of section six of chapter forty one of the Code, and in sections from thirty two to thirty nine inclusive, in chapter fifty of the Code. The case of *Railway Co.* v. *Ryan, supra,* holds that a return of service of a summons issued by a justice against a corporation on the attorney appointed under chapter fifty four to accept service, *etc.,* must show that such service was in the county in which he resides, to support its validity; and the last clause of section thirty four of chapter fifty of the Code provides that service may be made on any corporation in the

manner prescribed for similar proceedings in the circuit court, one of which modes is by service on such attorney; and when we inquire how it is to be served the answer is found in section thirty eight, which provides that such service shall be in the county in which such attorney resides, and the return must show this, and state on whom the service was, otherwise the service shall not be valid. Service on such attorney is to be made precisely as it is upon the president of such corporation, and this Court has held, in the case of *Taylor* v. *Railroad Co.*, 35 W. Va. 328 (13 S. E. Rep. 1009) that service of a summons in an action before a justice against a domestic railroad corporation upon its president must be in the county in which he resides, and the return must show that fact, else it is invalid, and that a judgment based on a return of service not showing that fact, there being no appearance, is void. In the case under consideration, there having been no appearance by the defendant previous to the motion to quash, and the service of the process being invalid, my conclusion is that the judgment complained of is void, being a judgment without service of process, and without jurisdiction of the person. See 1 Black, Judgm. § 229; Freem. Judgm. §§ 495, 521.

Having reached this conclusion, it might be unnecessary to allude to any of the other questions raised by the assignment of error, but, as a question is raised as to the validity of the appointment of J. E. Frazier, sheriff of Putnam county, administrator *de bonis non* of the personal estate of W. E. Fife, deceased, without discussing or passing upon the question raised as to whether a demurrer was the proper mode of suggesting that question, or whether a plea in abatement would have been the only way of bringing the question before the court, as the case must be remanded, I regard it proper to say that, where an administrator is properly appointed by the clerk of the county court, he need not wait until the confirmation of such appointment by the County Court before he proceeds to institute such suits as may be necessary in properly administering the estate of his intestate; otherwise one of the principal objects contemplated in allowing the clerk to appoint personal representatives

would be defeated. But while it is true the clerk of the county court may appoint personal representatives in vacation, such appointments, in order to be effectual, must conform to the requirements of the statute. Now, section ten of chapter eighty five of the Code, provides that: "If at any time three months elapse without there being an executor or administrator of the estate of the deceased (except during a contest about the decedent's will or during the infancy or absence of the executor) the court before whom the will was admitted to probate, or having jurisdiction to grant administration, shall on the motion of any person order the sheriff or other officer of the county to take into his possession the estate of such decedent and administer the same, whereupon the sheriff or other officer without taking any other oath of office or giving any other bond or security than he may have before taken or given shall be the administrator, *etc.* The order made by the clerk of the County Court of Putnam county, on the 21st day of June, 1893, reads as follows: "It appearing that C. T. Fife, who was on the 16th day of July, 1891, by the clerk of this court, in vacation, appointed administrator of the personal estate of W. E. Fife, deceased, has since that time departed this life, now, therefore, I, R. A. Salmons, clerk of the County Court of Putnam county, upon the motion of J. T. Bowyer, do appoint J. E. Frazier, sheriff of this county, administrator *de bonis non* of the personal estate of the said W. E. Fife, deceased." Now, it does not appear on the face of the order that three months had elapsed without there being an administrator of the deceased; neither does the order direct said Frazier, as sheriff of the county, to take into his possession the estate of the deceased, and administer the same, and it seems from the language of the statute that such an order is required before such sheriff should be constituted the administrator. The order, therefore, appears to be defective in form and substance. But as I have reached the conclusion that the judgment complained of is void for want of jurisdiction, the process never having been served upon the defendant, it is useless to discuss the other questions presented by the record.

The judgment must be reversed, the verdict set aside, and the cause remanded, with costs to the plaintiff in error.

# CHARLESTON.

Submitted January 31, 1895—Decided March 27, 1895.