# CHARLESTON.

## HOPKINS v. BALTIMORE & O. R. Co.

Submitted September 5, 1896—Decided Dec. 2, 1896.

1. PROCESS—SERVICE ON CORPORATIONS—JUSTICE'S COURTS— AMENDMENT OF RETURN.
   Return of service of a summons from a justice's court, defective in failing to show that service on a corporation's agent was made in the county of his residence, may be amended, either before the justice or in the circuit court upon an appeal.

2. PROCESS—AMENDMENT OF RETURN.
   Officers are allowed, with liberality, to amend their returns of service of process.

McDONALD & BECKWITH for plaintiff in error.

GEO. BAYLOR for defendant in error, cited Code, c. 50, ss. 164, 169, 170, 172; 31 W. Va. 366; 35 W. Va. 328, 332; 14 How. Pr. 380; 86 Va. 232; Freem. Judg. § 117.

BRANNON, JUDGE:

William Hopkins brought a suit against the Baltimore & Ohio Railroad Company before a justice, and obtained judgment, and the railroad company appealed to the circuit court. In the circuit court the company moved to quash the summons, and the return of service of it, and the motion was sustained. The only basis suggested for this motion is that the constable's return, showing service on an agent of the company at one of its stations, failed to show that he resided in the county in which the service was. This would invalidate the return and the judgment on it. *Taylor* v. *Railroad Co.*, 35 W. Va. 328 (13 S. E. 1009); *Frazier* v. *Railroad Co.*, 40 W. Va. 224 (21 S. E. 723). But the defect would not affect the summons, would not show that, in fact, there was no jurisdiction in that justice's court for the suit, and hence could not be ground for a motion to quash both summons and return, and would not warrant the judgment quashing both and dismissing the suit finally. But, when the court ruled to sustain the motion, Hopkins asked leave to amend the return so as to cure the defect, but the court refused to allow the amendment. Objection is made in this Court to the amendment on grounds which we will not discuss, as they involve only the construction of the proposed amendment, and their discussion would state no principle of law; but we think those grounds untenable. Then we come to the question whether the law allows any amendment of the return. What can be said against it? It is argued that, as the judgment is void, the return can not be amended; and a case is cited holding that, where a judgment is void for want of jurisdiction, no amendment of the return can validate it. But it is not proposed to validate the judgment here. Its validity is not the question. Nor is the jurisdiction of the justice to entertain the suit the question. The return is not void in the sense of mere nullity. It is a return, but defective. It is voidable, but subject to amendment. The question relates to service of process, and, indeed, not strictly to that, as we are not now on the matter of the sufficiency of a return. The question is one of the amendability of the return of service.

Now, is there anything peculiar in the omission in this case to forbid amendment? That omission did not relate to jurisdiction, but only to service; and if it did, if jurisdiction depended on the fact of the residence of the agent, and it was to be shown by the return, an amendment to show it would be admissible. Great liberality is allowed officers in amending returns, for the twofold object that the officer, who is under oath to state the facts of the service, may cure any defect arising from ignorance or inadvertence in making his return, and that the suitor may have the benefit of such facts to make out a good return. Legal proceedings must not fail for an officer's willful or innocent failure to state the whole truth in his return. It can not be too late to amend a return simply because the case has gone to the point of judgment before the justice, and is now on appeal, because the appeal is but the grant of a new trial. For such a purpose the case is yet on original trial, and is not like a case ended by final judgment in a circuit court, and then appealed to this Court; for there the judgment remains firm until a judgment of reversal, but an appeal, when granted, *ipso facto* vacates the justice's judgment and is a new trial, just like the action of a circuit court setting aside a verdict and granting a new trial. *Evans* v. *Taylor*, 28 W. Va. 184. Who will deny that such amendment could have been made before trial before the justice? It can just as well be made in the circuit court. "Courts are liberal in allowing officers to amend their returns, according to the truth, when a casual and honest mistake has occurred." 4 Minor, Inst. 839. A court should allow amendment of a return upon a summons even at the hearing of a motion to reverse the judgment for that cause. *Anderson* v. *Doolittle*, 38 W. Va. 633 (18 S. E. 726); *Capehart* v. *Cunningham*, 12 W. Va. 750. See *Stone* v. *Wilson*, 10 Gratt. 530, 533; *Walker* v. *Com.*, 18 Gratt. 13 (syllabus 8). Under a statute like that involved here, it was held, and the case is pointed authority in this case, that "the return to a summons may be amended 13 years after the judgment by default has been rendered, so as to show that the county in which service was had on the defendant corporation was the county in which he (the agent) re-

sided." . *Railroad Co.* v. *Ashby's Trustees*, 86 Va. 232 (9 S. E. 1003). We think the court erred in refusing the amendment. ..

Objection is made by the railroad company that the appeal bond is irregular. It is sufficient to say that, if the bond is irregular, it is colorable, and brought an appeal into life, and the company could have required, and can yet require, another bond, under the ample provision of section 170, chapter 50, Code 1891. We will not hold the appeal as naught for this cause. Judgment reversed, and cause remanded, for further proceedings as above indicated, and still further according to law.