# CHARLESTON.

McClure-Mabie Lumber Co. *v.* Brooks.

Submitted June 14, 1899—Decided November 18, 1899.

1. RECORD.
    Amendment of record in Supreme Court discussed. (p. 733).

2. SUMMONS—*Return.*
    Upon a writ of *certiorari* from a judgment of a justice, the circuit court may allow the return on the summons issued by the justice to be amended. (p. 734).

3. RETURN—*Amendment.*
    When an officer's return of process is amended by leave of court, the amended return relates back, and stands in place of the first return, as if it had been the first return; and any pending proceeding founded on the first return is, after the amendment, tested and tried by the amended return. (p. 734).

4. VERDICT—*Record—Jury.*
    A verdict of a jury is taken to be correct, in an appellate court, where the record contains no evidence before the jury. (p. 735).

5. JUDGMENT.
    A judgment is presumed to be correct until the record discloses error. (p. 735.)

Error to Circuit Court, Randolph County.

*Certiorari* by the McClure-Mabie Lumber Company against N. S. Brooks. From a judgment dismissing the writ, plaintiff brings error.

*Affirmed.*

L. D. & J. F. STRADER, for plaintiff in error.
CUNNINGHAM & STALLINGS, for defendant in error.

BRANNON, JUDGE:

Brooks brought an action against the McClure-Mabie Lumber Company, before a justice of Randolph County, to recover money due for damages for a wrong, resulting in judgment upon the verdict of a jury; the defendant not appearing. The return of service of the summons being

bad, on that ground the circuit judge granted the defendant a writ of certiorari. In the circuit court, however, the defective return was amended; and then, on the motion of Brooks the certiorari was dismissed as improvidently awarded, and from the judgment of dismissal the company obtained this writ of error.

Brooks assigns it as error that the court allowed the return to be amended before acting on the cortiorari. This means that the court should have acted on the record as it was certified from the justice, reversed the judgment, given a new trial, and, retaining the case for that purpose, then entertained a motion to amend. It is said that certiorari is an appellate proceeding, just as much as a writ of error, bringing up the record as finished before the inferior tribunal. What would be the rule if there were a motion in the Supreme Court to allow an amendment of a sheriff's return upon a writ in a suit in the circuit court? Though we are not on that point, I should not hesitate to say that it could not be done, because the Supreme Court tries it by the record as made up in the circuit court. So this Court held in *Hinkson* v. *Ervin*, 46 W. Va. 111, (20 S. E. 849). *Manatt* v. *Starr*, 72 Iowa, 677, (34 N. W. 784), states the rule to be that "appeals in this Court are tried upon the record of the court below, and no new pleadings or amendments can be allowed." This rule is sustained by almost an unanimous line of authority. The reason is that the original record remains with the court below, and this court deals with its action as shown by the record, and treats its make-up of the record as final, and it alone can correct its mistakes. It can correct mistakes, under proper circumstances, after appeal or writ of error; and when it does so, and the correction is certified to the appellate court, the correction relates back, and stands in place of the original return, as if originally made, and in its corrected state will be acted on in the appellate court, but resort must be had to the lower court for such amendment. Authorities are practically unanimous on this point. 1 Enc. Pl. & Prac. 607; *Railroad Co.* v. *Ketchum*, 95 U. S. 1, 24 L. Ed. 347; *Garland* v. *Davis*, 4 How. 131, 11 L. Ed. 907: *Railroad Co.* v. *Culberson*, (Tex. Sup.) 10 S. W. 706; *Malone* v. *Samuel*, 13 Am. Dec. 176, note, citing *Talcott* v. *Rosenberg*, 8 Abb. Prac. (N. S.) 287; *Gould* v. *Glass*, 19 Barb. 186; *Luyster* v. *Sniffin*, 3 How. Prac. 250; *Rew* v. *Barker*,.

2 Cow. 408, 14 Am. Dec. 515, and note; *Craig* v. *Horine*, 1 Bibb, 8 113; *Gentry* v. *Hutchcraft*, 18 Am. Dec. 172.

If we assimilate, for every purpose or question, a certiorari from a judgment of a justice to a writ of error, we would have to reverse this judgment, under above principles. But, for the question before us, is it any more than an appeal? In an appeal from a justice, clearly an amendment of the return could be made, as that annuls the judgment, and reopens and retires the case. *Hopkins* v. *Railroad Co.*, 42 W. Va. 535, (26 S. E. 187). Does the jury trial make a difference? True, the certiorari is tried by the record; but it is only another name for appeal, and the case has left the justice's court forever, because, if his judgment is reversed, he has no more power over it, and the circuit court retains and retries the case, and clearly, after reversal, could allow this amendment, as the justice could have done. The theory is that the court must reverse the judgment for this defect, and the next moment allow the amendment, which for further purposes cures that defect. This seems technical. Code, chapter 110, section 3, says that on certiorari the court shall hear the case on the merits, deciding not only what at common law it could do upon certiorari, review the proceedings below, and "make such order as law and justice (both words used) may require." What does this mean? I shall not say,—it is hard to say; but it authorizes a liberality to cure such a defect as a defective or untruthful return. That is as far as we need say. I shall not say it allows new pleadings or evidence, or that the case must not be tried on the record; but we think there is no error in the action of the circuit court as to this point. See Judge Dent's opinion in *Michaelson* v. *Cantley*, 45 W. Va. 533, (32 S. E. 170). The law of amending returns is very liberal. I had forgotten to mention the strong support of this holding given in *Anderson* v. *Doolittle*, 38 W. Va. 633, (18 S. E. 726), based on *Capehart* v. *Cunningham*, 12 W. Va. 750, and *Laidley's Adm'rs* v. *Bright's Adm'r*, 17 W. Va. 779, holding that a return may be amended upon a motion to reverse a judgment for that cause. True, the motion is in the same court as the judgment; but the motion takes the place of a writ of error coram nobis, is based on error in the record for relief, and is appellate in nature. The amended return relates back

to, and takes the place of, the original return, and any suit or motion pending founded on the original return can proceed no further, except on the amended return; and therefore the circuit court had power, after amendment, either to affirm the judgment or dismiss the certiorari. *Capehart* v. *Cunningham, supra; Stone* v. *Wilson,* 10 Grat. 533; *Stotz* v. *Collins,* 83 Va. 423, (2 S. E. 737); *Railroad Co.* v. *Ashby's Trustees,* 86 Va. 232, (9 S. E. 1003).

Another point made for error is that the account filed with the justice shows that the verdict is wrong and excessive. The account is: "Damages for men and team to Roaring Creek, $40; time for self and men two and a half months waiting for a job, $150; profits, $100." This is a specification in assumpsit, as that action sounds in damages. Why does it not show grounds of action? Not a letter of evidence is in the record, though the jury heard evidence; and we cannot say it did not show ground for recovery, but must presume that it did. The evidence is not made a part of the record in case of judgment by default, nor in any case, unless the party asks it. *Anderson* v. *Doolittle,* 38 W. Va. 629, (18 S. E. 724). Judgment is presumed to be right until the record discloses error. *Ramsburg* v. *Erb,* 16 W. Va. 777, 787; *Harris* v. *Lewis,* 5 W. Va. 575; *Griffith* v. *Corrothers,* 42 W. Va. 59, (24 S. E. 569); *Reed* v. *Nixon,* 36 W. Va. 681, (15 S. E. 416). Judgment affirmed.

*Affirmed.*