Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Hot Springs Lumber and Manufacturing Co., Inc. v. Sterrett.

November 19, 1908.

Absent, Harrison, J.

1. Unlawful Detainer—*Color of Title—Possession.*—Color of title without possession, actual or constructive, is not sufficient to support an action of unlawful detainer.

2. Demurrer to Evidence—*Conflicting Evidence—Waiver.*—Upon a demurrer to evidence the demurrant waives all of his evidence in conflict with that of the demurree.

3. Adverse Possession—*Possession of Part—Contiguity of Seisin—Entry of Junior Claimant.*—A grant from the Commonwealth invests the senior patentee with constructive seisin of all land included in the grant, and this seisin continues until disturbed by actual entry of an adverse claimant, and is then affected only to the extent to which the first patentee is dispossessed by the junior claimant. But this principle has no application to the case of a junior patentee or claimant where the continuity of the original boundary had been severed anterior to the acquisition of the title, or color of title, under which he claims. In such case, *quoad* the junior claimant who does not connect his title with that of the original patentee, there is no such contiguity of seisin with respect to the dissevered tracts as would render actual possession of one constructive possession of the other.

Error to a judgment of the Circuit Court of Bath county in an action of unlawful detainer. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*McAllister & Nelson, Hammond & Walsh* and *Benj. Haden,* for the plaintiff in error.

*Geo. A. Revercomb* and *Jno. W. Stephenson,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

This action of unlawful detainer was brought by the plaintiff in error, the Hot Springs Lumber and Manufacturing Company, Incorporated, against Tate Sterrett, the defendant in error, to recover possession of 1,000 acres of wild mountain land located in Bath county, adjoining the lands of the defendant. The boundary in controversy is designated lot 2 in a survey of 45,000 acres of land patented to Robert Patten in the year 1802, which tract was subsequently subdivided into 45 lots containing about 1,000 acres each.

After all the evidence had been introduced, the plaintiff demurred to the evidence, in which demurrer the defendant was required to join. Thereupon, the jury, by direction of the court, returned a verdict for the defendant for a small parcel of inclosed land, which had been in his possession under claim of title for more than three years prior to the institution of the action; and as to the residue of the tract the verdict was in usual form. To the action of the circuit court overruling the plaintiff's demurrer to the evidence and rendering judgment for the defendant, this writ of error was awarded.

The plaintiff rests its right of recovery on the allegations that it has color of title to lots 2, 3, 4, 5 and 6, which are contiguous, coupled with actual possession of part of lot 6, and acts of ownership over lot 2. The color of title relied on was acquired by virtue of a deed from Achenbach and others to the plaintiff, dated December 31, 1903.

It is not necessary to consider the scource of this color of title further, except to remark that no attempt was made to connect it with the Commonwealth. For the purposes of this case, resolving all the subordinate propositions in favor of the plaintiff in error, we shall address ourselves to the considera-

tion of the controlling question, whether or not the plaintiff has shown possession, actual or constructive, of lot 2; for it is conceded that color of title without possession is insufficient to maintain the action.

To show constructive possession of lot 2, the plaintiff proved that in 1903 its predecessor in title, Achenbach, entered into a written contract with one Rorke, by which the latter, as his tenant, took actual possession of a half acre of lot 6, which he inclosed and cleared, and has cultivated hitherto. Further to maintain the issue on its part, the plaintiff introduced a witness, Williams, deputy surveyor of Bath county, who testified that lots 6 and 2 adjoined.

On the other hand, the evidence of the defendant tended to show that the lands of McAllister, Stonestreet and Gatewood (whose titles and possessions long antedated the color of title and possession on which the plaintiff relies) wholly separated lot 2 from lot 6.

We have considered the argument of counsel in their attempt to show that there is no conflict of evidence on that vital point, but we are not convinced by it. On the contrary, a careful examination of the evidence shows a distinct and irreconcilable conflict. In this state of the case, upon principles too familiar and well settled to require reference to authorities, the conflictign evidence of the demurrant must be rejected.

But our attention has been called to the case of *Ilsley* v. *Wilson*, 42 W. Va. 757, 26 S. E. 551, as authority for the proposition that "when a party holds a large tract of land under patent from the State, which tract is divided by a line of narrow surveys running across it, held by junior patentees, who have acquired good title to said narrow surveys, and the holder of the senior patent takes possession of the land within the bounds of his patent on the east side of said line of narrow surveys, such possession will not be limited by the boundaries of said narrow surveys, but will extend to the exterior bounds of his patent on the west side of said narrow surveys."

We have no occasion to quarrel with the doctrine of that case. It proceeds on the principle that the effect of a grant from the Commonwealth is to invest the senior patentee with constructive seisin of all land included in the grant. And such seisin continues until disturbed by actual entry of an adverse claimant, and is then affected only to the extent to which the first patentee may be dispossesed by the junior claimant. 2 Min. Inst. (2nd ed.), pp. 506, 507. But the principle obviously has no application to the case of a junior patentee or claimant where the contiguity of the original boundary had been severed anterior to the acquisition of the title, or color of title, under which he claims. In such case, it would seem clear that *quoad* the junior claimant, who does not connect his title with that of the original patentee, there is no such contiguity of seisin with respect to the dissevered tracts as would render actual possession of one constructive possession of the other.

We find no reversible error in the judgment of the circuit court, and it must be affirmed.

*Affirmed.*