# Charlestown.

## STATE OF WEST VIRGINIA *v.* WHITTER.

Decided August 26, 1881.

1. In an indictment for a violation of ₴ 12 ch. 107 Acts of 1877, it is necessary to allege and prove, that the defendant had a State-license to sell spirituous liquors, &c.

2. Proof on the trial, that the defendant "kept a hotel and public bar-room," is not in itself sufficient evidence, that he had a State-license to sell spirituous liquors, &c.

Writ of error to a judgment of the circuit court of the county of Mineral, rendered on the 29th day of May, 1879, in an action in said court then pending, wherein the State of West Virginia was plaintiff, and William E. Whitter was defendant, allowed upon the petition of said Whitter.

Hon. James D. Armstrong, judge of the fourth judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the court.

*John J. Jacob*, for plaintiff in error.

*C. C. Watts*, for defendant in error cited the following authorities: Acts 1877 p. 143 § 13; 1 Bish. Cr. Pro. § 980; 11 Gratt. 572; 14 Gratt. 447; 15 Gratt. 230; 20 Gratt. 860; 17 Gratt. 472; 18 Gratt. 785; *Id.* 1; 2 Bish. Cr. Pro. 282; 6 Ohio 15; Acts 1877 ch. 107 § 19; 21 Gratt. 214; 5 Leigh 598;

8 Leigh 726 ; 2 Gratt. 594 ; 6 Gratt. 712 ; 7 Gratt. 613 ; 17 Gratt. 561 ; 18 Gratt. 977.

PATTON, JUDGE, announced the opinion of the Court :

W. E. Whitter was indicted in the circuit court of Mineral county on the 14th day of May, 1878, for a violation of the revenue laws of the State.   He was tried by a jury, found guilty, and his fine fixed at $20.00.   He made a motion for a new trial which was overruled by the court, and judgment was entered against him in favor of the State upon said verdict.   He applied for and obtained a writ of error to this court.   The indictment was found under § 12 ch. 107 Acts of 1877, which provides :   "If any person having a State-license to sell spirituous liquors, wine, porter, ale, beer or drink of like nature shall knowingly sell or give any such liquors or drinks to any minor * * * * * , he shall be guilty of a misdemeanor and fined not less than $20.00."

The indictment charges, "that W. E. Whitter on the — day of —, 1878, in the county aforesaid, at his certain saloon in the town of Keyser, he, the said William E. Whitter, having then and there a State-license for the sale of spirituous liquors, wines, porter, ale, beer and drinks of like nature at retail, did unlawfully, knowingly sell and give such spirituous liquors, wine, porter, ale and beer and drinks of like nature to Mathew Thompson, a minor under the age of twenty-one years, the said William E. Whitter knowing the said Mathew Thompson to be a minor under the age of twenty-one years, contrary to the statute and against the peace and dignity of the State."

In the certificate of facts proved it appears, "that said Whitter kept a hotel and public bar-room in the town of Keyser, but the license from the State authorizing him to do so was not introduced in evidence, and no further evidence of his having a license was introduced, nor was any allegation, that he had not a license, made."   Was this evidence sufficient to sustain the indictment?   I think not.   The indictment was for a violation of the statute by a person having "a State-license" to sell liquor by retail.   To establish the offence it was necessary to charge, that it was by a person coming within the provisions of the statute, to wit : a person having "a State

license" to sell by retail. The indictment does so charge; but there is an utter failure to sustain the charge by proof. The fact, that the defendant "kept a hotel and public bar-room in the town of Keyser," is no evidence in itself, that he had "a State-license to sell spirituous liquors, wine, porter, ale, beer or drinks of like nature." He might keep a hotel and public bar-room without a license, rendering himself liable to another and distinct offence, that of selling spirituous liquors, wine, porter, ale or beer or any drink of a like nature without a State-license so to do (§§ 1 and 3 ch. 107 Acts of 1877), for which the penalty is a fine of not less than ten nor more than one hundred dollars. The offence of selling without license is a different offence and with a different penalty from selling with a license knowingly to a minor. The last offence can be committed only by one having "a State-license;" and it must be so laid in the indictment and proved. To constitute that offence, it is necessary also to show, that the person, to whom sold, was a minor, and that said fact was known to the seller. In an indictment every allegation necessary to constitute the offence must be averred and proved.

In Virginia Thomas Glass was indicted for violating a statute, which required a retail or bar-room liquor-dealer to obtain a license to authorize him to carry on his business. The tenth section of the statute provided, that "any licensed retail or bar-room liquor-dealer as well as his agent, servant or bar-keeper for every failure to perform any of the duties required by such dealer under the provisions of this act shall be deemed guilty of a misdemeanor" &c. The indictment charged, that Thomas Glass, servant, agent and employe of John W. Pate, failed to comply with certain provisions of the statute, "the said John W. Pate being then and there a bar-room keeper and a bar-room liquor-dealer." It was held by the Supreme Court of Appeals of Virginia, that the failure to allege that he was a "licensed" retail or bar-room liquor-dealer was fatal; and the judgment of the lower court was reversed. 33 Gratt. 827.

Judge Moncure in delivering the opinion of the court says: "No doubt the offence intended to be charged against the accused in this case was the misdemeanor defined by the tenth section of the said act; but by the express terms of the act

such offence could only be committed by a *"licensed* retail or bar-room liquor-dealer" or "his agent, servant or bar-keeper." To bring the case therefore within the said terms, it ought to have been averred in the indictment, that the accused, when he committed the act, with which he is charged, was a "licensed retail or bar-room liquor-dealer. He may have committed that act without being guilty of any legal offence."

In the case of *Baldwin* v. *the State of Ohio*, 6 Ohio 16, the court says: "The statute in defining the offence for which the party was indicted uses the words *'licensed tavern-keeper.'* The indictment avers that the defendant was a *'licensed tavern-keeper.'* It became necessary to prove this indictment. How should it be done? The license, if one issued, was in the hands of the defendant. The prosecution might have given him notice to produce it and, if he refused, might have given parol evidence of its contents."

Without deciding any of the other questions raised in this case, I am of opinion, that the judgment of the lower court must be reversed, the verdict of the judge set aside, and a new trial awarded.

The Other Judges Concurred.

Judgment Reversed.