# CHARLESTON

## STATE v. NETHKEN.

Submitted June 15, 1906.    Decided November 27, 1906.

1. INTOXICATING LIQUORS—*Sales to Intoxicated Person—Evidence.*
    On the trial of an indictment, charging the defendant, as a licensed dealer in spirituous liquors, with having sold or given, to an intoxicated person, such liquors, knowing, or having reason to believe, him to be intoxicated, the State must prove, as a part of her case, that the defendant had such a license.    (p. 674.)

2. SAME—*License.*
    Proof that the defendant obtained, from the county court of the county in which the sale is alleged to have been made, permission to obtain a license to carry on such business, at the time and place at which the sale is alleged to have been made, and was then and there so engaged, makes a *prima facie* case against the defendant on the issue, whether he had such license.    (p. 674.)

3. SAME—*What Constitutes Intoxication.*
    Intoxication, within the meaning of section 16 of chapter 32 of the Code, is such a mental condition of a person, due to the use of liquor, as attracts the observation of, or becomes known to, others, or gives them reason to believe the person is intoxicated; and the testimony of a by-stander to such a mental state of the person to whom a sale is made will sustain a finding, by a court or jury, on the question of intoxication.    (p. 675.)

Error to Circuit Court, Randolph County.

George Nethken and others were convicted of a violation of the liquor law, and bring error.

*Affirmed.*

JARED L. WAMSLEY and W. E. BAKER, for plaintiffs in error.

C. W. MAY, Attorney General, for the State.

POFFENBARGER, JUDGE:

On the verdict of a jury, finding them guilty, as licensed retailers of spirituous liquors, of unlawfully selling and giving away such liquors to one John Riggleman, a person intoxicated at the time, George Nethken and Truman Nethken were adjudged, by the circuit court of Randolph county, to pay a fine of fifty dollars, to which judgment they obtained a writ of error.

All the errors assigned go to the sufficiency of the evidence. The court overruled a motion to exclude it from the jury, and, after verdict, a motion to set the same aside, and grant them a new trial.

Sufficiency of the evidence to prove that the defendants conducted their saloon business, under the protection of a license therefor, at the time the sale in question was made, is challenged.   A copy of an order, made by the county court of said county, showing their application for such license, approval of their bond, and direction that such license issue, was introduced as evidence, and it was shown that they were conducting a bar-room at the place, and within the time, specified in their application and the order; but no evidence was adduced to show that, pursuant to the order, they applied to, and obtained from, the assessor of the county the certificate, which the law required him to issue in such case, or paid the license tax to the sheriff or collector, both of which seem to be essential prerequisites to the right to carry on such business.   The statute says: "Such certificate shall be produced by the applicant to the officer to whom the state tax is to be paid; and his receipt for such tax, written on the certificate, shall be sufficient license, while it remains in force, to the person and for the purpose specified in the said certificate, except so far as is otherwise provided in this chapter." Code, chapter 32, section 11.

Though there is much law for the position that the possession of such a license may be established, for the purposes of such a prosecution as this, by proof of the admission of the defendant, this Court, in *State* v. *Whitter*, 18 W. Va. 306, decided that proof of his having conducted a public bar-room was insufficient for such purpose.   We do not question the soundness of that decision, but a very important circumstance is added here.   The defendants expressed, in the most deliberate, formal and solemn manner, their intention to conduct a bar-room and sell such liquors, under a license, at the time and place at which it was shown they had been doing so.   A rule of evidence, of frequent and extensive application by the courts, is that, when an intention to perform a given act has been proved and subsequent performance of the intended act shown, there is a presumption that the intention continued and was executed, unless the contrary ap-

pears. The presumption is one of fact, amounting to evidence, upon which a jury or court may act. Many illustrations of the application of the rule will be found in the decisions referred to in 1 Greenleaf on Evidence, section 14*k*, and 22 Am. & Eng. Ency. Law 1241. Its application here clearly establishes a *prima facie* case, imposing upon the defendants the alternative of overthrowing it with counter evidence, or submitting to it. They chose the latter, and their appeal to the Court on this point is necessarily fruitless.

An effort to escape is founded on the very slender fact that the license permit was granted to Geo. Nethken and Brother, and the indictment is against "George Nethken and Truman Nethken, trading as George Nethken and Bro." In view of the fact that the defendants were conducting a saloon at the time and place, designated in the permit, we think the jury were authorized to find as they did on the question of identity.

The only witness who testified on the question of the sale to Riggleman, while intoxicated, said, "Well, as I said before, I seen him get liquor when he was pretty full." In response to the question, "It is a matter of whether or not you seen him get liquor when he was intoxicated," he said: "I think I have." His testimony shows, too, that he was a very unwilling and evasive witness. Upon his testimony, the jury could well find that the person to whom the sale was made was, at the time, obviously under the influence of liquor, and, as the defendants, or their clerk, were present at the time and had the same opportunity for observation as the witness, that they also were aware of his condition. According to a decision of this Court, such a condition amounts to intoxication, within the meaning of the statute. "'Intoxicated' within the meaning of the statute, is such as attracts observation and becomes known to others." Judge Holt, in *Halstead* v. *Horton*, 38 W. Va. 727, 733. Owing to a typographical error the words "a mental condition" were evidently dropped out of the passage quoted from the opinion. Decisions of other courts sustain this view of Judge Holt. *Smith* v. *People*, 141 Ill. 447; *Wadsworth* v. *Dunnam*, 98 Ala. 610; *Lafler* v. *Fisher*, 121 Mich. 60.

Perceiving no error in the judgment, we affirm it.

*Affirmed.*