# CHARLESTON.

## STATE *v.* GIBSON.

### Decided May 17, 1910.

1. HOMICIDE—*Assault With Intent to Kill—Indictment.*

An indictment for malicious cutting and wounding, with intent to maim, disfigure and kill, need not specify the instrument with which the injury was inflicted.

2. SAME—*Assault With Intent to Kill—"Wound."*

To constitute a wound, within the meaning of sec. 9, ch. 144, Code 1906, an injury must have been inflicted with a weapon, other than any of those with which the human body is provided by nature, and must include a complete parting or solution of the external or internal skin.

3. SAME—*Assault With Intent to Kill—Indictment.*

Though said statute makes it a felony for a person maliciously to cause another bodily injury by any means, with intent to maim, disfigure or kill him, an indictment, charging only malicious cutting and wounding with such intent, is not broad enough to let in proof of such injury, inflicted otherwise than by cutting or wounding.

4. SAME.

An indictment for maliciously or unlawfully causing bodily injury otherwise than by shooting, stabbing, cutting or wounding should specify the means by which the injury was caused.

5. CRIMINAL LAW—*Trial—Presence of Accused—Presumptions.*

The presumption of the continuance of a fact or state of things, shown to exist, applies to a record, showing the presence of a prisoner in court at the commencement of each day's proceedings in the trial.

6. SAME—*Appeal—Objections to Evidence.*

Admission of hearsay evidence, without objection and exception, affords no ground for complaint in the appellate court.

7. SAME—*Appeal and Error—Harmless Error.*

Error in sustaining an objection to a proper question is cured by admitting an answer to another question, covering the same subject matter.

Error to Circuit Court, Pocahontas County.

William Gibson was convicted of unlawful wounding, and brings error.

*Reversed and Remanded.*

· *N. C. McNeil* and *Price, Osenton & McPeak,* for plaintiff in error.

*William G. Conley,* Attorney General, and *D. E. Matthews,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

Upon an indictment for feloniously and maliciously wounding one Cleveland Slavin, the plaintiff in error, William Gibson, was convicted of the milder offense of unlawful wounding, and sentenced to confinement in the penitentiary for a period of five years. On the 'writ of error allowed him, he makes a number of assignments of error.

Gibson and several others were employed in a mill at Dunlevie, West Virginia. Practical joking was a custom among these men. Slavin, without the knowledge of Gibson, put oil on the handle of the latter's oil can so that, in picking it up, his hand became greasy. He also oiled an iron bar used by Gibson. Having ascertained from the other men who had played the prank on him, Gibson began to throw oil on Slavin's back, and, when he turned around threw it in his face. Thereupon, Slavin threw a stick at Gibson, who responded 'with another which broke in two. Slavin returned a piece of this stick. Then Gibson threw an iron bar at him which struck him on the right side of the back over the kidney, injuring him to such an extent that he was confined to his bed for two weeks or more and his bladder had to be relieved, by artificial means, of the urine which, 'when extracted, was found to be bloody.

The sufficiency of the indictment is challenged because it omits designation of the instrument with which the wound was inflicted. This assignment of error is not well taken. The indictment need not set forth or describe the instrument. *Crookham* v. *The State,* 5 W. Va. 510; *Canady's Case,* 22 Grat. 899; *Jackson's Case,* 96 Va. 1007; *Erle's Case,* 2 Lewin 133; *State* v. *Ladd,* 2 Swan (Tenn.) 226.

As the evidence fails to show any solution or breaking of the skin of the prosecuting witness, lack of an essential element

of the offense charged in the indictment is asserted, under the technical rule that there can be no wound, within the meaning of the maiming statute, without a solution or fracture of the skin. This position seems to be well sustained by authority. There must be a complete breaking of the skin, external or internal. Our statute, section 9, chapter 144 Code 1906, in so far as it uses the terms "stab, cut or wound", is the same as the English Stat., 9 Geo. IV, and the term "wound", in that connection, has been limited in its meaning to the extent above stated. *Rex* v. *Wood,* 4 C. & P. 381. In order to inflict a wound, within the meaning of that statute, it was necessary to use an instrument of some sort, wherefore it was not effected by biting off a finger, nose or ear or causing any other injury with the teeth or hands. *Jennings Case,* 2 Lewin 130; *Elmsly's Case,* 2 Lewin 126; *Rex* v. *Stevens,* 1 Moody 409; *Rex* v. *Harris,* 7 C. & P. 446. But the instrument need not be a sharp or pointed one. Anything with which the skin is broken is sufficient though blunt, provided it is a weapon other than those with which the human body is naturally provided. *Reg.* v. *Smith,* 8 C. & P. 173; *Rex* v. *Withers,* 1 Moody 294; *Rex* v. *Hughes,* 2 C. & P. 420; *Rex* v. *Sheard,* 2 Moody 13, 7 C. & P. 846; *Rex* v. *Payne,* 4 C. & P. 5538; *Rex* v. *Griggs,* 1 Moody 318. But a fluid, working injury not by the force of its contact, but only by its effect, when applied to the body, was not regarded as a weapon, wherefore a wound inflicted by throwing oil or vitriol in the face was not within the statute. *Rex* v. *Morrow,* 1 Moody 456; *Henshall's Case,* 2 Lewin 135. For these principles, see the following additional authority: 1 Russell Crimes, 3 Eng. Ed. 731; Bish. Stat. Crimes 314; *State* v. *Leonard,* 22 Mo. 449, 450; *Commonwealth* v. *Gallaher,* 6 Metc. (Mass.) 565, 568.

Our statute has been broadened somewhat by the use of the terms "Or by any means cause him bodily injury with intent", etc. Under a proper indictment, any sort of bodily injury, inflicted by any means, with intent to maim, disfigure or kill, is an offense under this statute, punishable as a malicious or unlawful wounding, but it is not a technical wounding, and an indictment merely for cutting and wounding does not cover it. This addition to the statute does not alter the meaning of its original terms. It simply introduces a new offense made up of new elements. The indictment in this case charges that the

prisoner cut and wounded the prosecuting witness, with the intent to maim, disfigure and kill, thereby causing him great bodily injury. There is no averment of any bodily injury caused otherwise than by cutting and wounding. Under it, therefore, no other sort of injury can be proved. The indictment gives no notice of intent to charge any other malicious or unlawful act.

Admitting lack of proof of any fracture of the external skin, the Attorney General is forced to the contention that the presence of blood in the urine justifies an inference of fracture of the covering or skin of the kidney, there being some authority for the position that the solution of an inner lining of any portion of the body constitutes a wound. In *Reg.* v. *Smith,* 8 C. & P. 173, it was held that a blow on the face with a hammer, breaking the lower jaw and parting the internal skin, was sufficient. Two cases, *Reg.* v. *Waltham,* 3 Cox C. C. 442, and *Reg.* v. *Jones,* 3 Cox C. C. 441, are cited, in Bishop on Stat. Crimes, section 314, as holding that the parting of the membrane lining of the urethra, constitutes an offense, but these two reports are not in our library, for which reason we are unable to see what the evidence was. The fracture may have been shown by positive and direct evidence. It was susceptible of proof in that way in the case of the broken jaw and may have been in the other two cases. Here, we have nothing but a mere uncertain inference, arising from the presence of blood in the urine. We think this is too remote and uncertain to sustain a verdict.

The next important assignment of error is the omission from the record of any plea and joinder of issue. After the writ of error was allowed by this Court an attempt was made to cure this by the entry of a *nunc pro tunc* order, showing that, before the jury was empaneled and sworn, the defendant had entered his plea of not guilty, and placing the same upon the record as of the 7th day of October, 1909, the date of the trial. Upon what evidence the entry of such plea before the trial was ascertained, the record does not show. The defendant objected to the entry of the order but did not take any bill of exceptions, showing the character of evidence upon which it was made, nor in any way place such evidence upon the record. Hence the action of the court, in entering the order, does not seem to have been objected to on account of insufficiency of the evidence. The court having

had jurisdiction of the parties and the subject matter, there is a presumption in favor of the correctness of the judgment. *McClure Maybie, &c. Co.* v. *Brooks,* 46 W. Va. 732; *Griffith* v. *Corrolhers,* 42 W. Va. 59; *Reed* v. *Nixon,* 36 W. Va. 681; *Ramsburg* v. *Erb,* 16 W. Va. 777; *Harris* v. *Lewis,* 5 W. Va. 575. For aught that appears in the record here, there may have been a formal plea of not guilty in the file of papers or a minute of its entry upon the clerk's docket. The only inquiry, therefore, is whether the court had power, after the end of the term at which the judgment was rendered and after the allowance of a writ of error by this Court, to enter such an order. It was a mere interlocutory order, placing upon the record what had actually transpired, by way of amendment, to sustain the judgment. Both reason and authority sustain the action of the court in making such amendment at a subsequent term. *In re Wight,* 134 U. S. 136; *Galloway* v. *McKeithen,* 5 Ired. Law 12; *Hyde* v. *Curling,* 10 Mo. 374; *State* v. *Clark,* 18 Mo. 432; *Nelson* v. *Barker,* 3 McClean (U. S.) 379; *Dilansky* v. *Minnesota,* 3 Minn. 427; *Weatherman* v. *Commonwealth,* 91 Va. 796; 10 Am. Cr. Rep. 93; Black on Judg., section 126; Freem. on Judg., section 156; 16 A. & E. Enc. Law 1005; 1 Bish. Cr. Proceed., section 1343. That it was done after the allowance of a writ of error is also immaterial. It is an amendment, made by the trial court and certified here, to sustain its judgment, and comes fully within the reasoning of our decisions. *Gauley Coal Land Ass'n* v. *Spies,* 61 W. Va. 19; *McClure-Mabie &c. Co.* v. *Brooks,* 46 W. Va. 732; *Hopkins* v. *Railroad Co.,* 42 W. Va. 535; *Capehart* v. *Cunningham,* 12 W. Va. 750.

In response to the complaint that the record does not show the prisoner was in court when the verdict was rendered, it suffices to say the order shows he was there when the jury was empaneled and after the verdict was rendered, from which the presumption of his presence during the intervening period arises. The continuance of a fact or state of things once shown to exist is presumed, in the absence of evidence to the contrary. *State* v. *Nethken,* 60 W. Va. 673; *State* v. *Good,* 14 W. Va. 834, 846; *Moore* v. *Gilliam,* 5 Munf. 346.

The hearsay evidence of the witness Slavin was not excepted to. Hence, the court did not err in admitting it.

While the court sustained an objection to a question, pro-

pounded to the witness Copeland, concerning the attitude of Arbrogast and Jennings, and the prisoner excepted, the evidence, desired and sought by the question, was admitted in response to another question. Hence, the error, if any, was cured.

As it does not appear what it was expected the witness Bodin would say, in response to the question propounded to him, concerning a weapon in the hands of Arbrogast, the action of the court in sustaining the objection to the question is. not shown to have been prejudicial, even if erroneous.

It is said the court abused its discretion in sentencing the prisoner to five years' imprisonment, but, as the judgment will have to be reversed, for insufficiency of the evidence, we do not deem it necessary to pass upon this question.

For the reasons stated, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*