# AKANA, ALIAS PONG KONG SING *v.* THE TERRITORY OF HAWAII.

### ERROR TO CIRCUIT COURT, THIRD CIRCUIT.

### HON. J. A. MATTHEWMAN, JUDGE.

SUBMITTED FEBRUARY 23, 1915.                DECIDED MARCH 10, 1915.

## ROBERTSON, C.J., WATSON AND QUARLES, JJ.

INTOXICATING LIQUORS—*keeping for sale without a license—charge of court to the jury.*
  Under the facts in this case, held, it was not error for the court to charge the jury, "If you believe, beyond a reasonable doubt, that the defendant had or kept posted about his place of business such a receipt or stamp, such fact is competent evidence that he kept intoxicating liquors for sale. Beyond this it is not necessary for the prosecution to show that the defendant did at any time sell intoxicating liquors."

SAME—*same—same—proof of actual sales not necessary.*
  One may be convicted of unlawfully keeping intoxicating liquor for sale without proof that he actually sold any liquor or offered or exposed it for sale.

APPEAL AND ERROR—*writ of error—abandonment of assignments.*
  In a case submitted on briefs assignments not argued in the briefs will be considered to have been abandoned and will not be noticed.

### OPINION OF THE COURT BY WATSON, J.

On the verdict of a jury finding him guilty of keeping intoxicating liquors for sale without a license the plaintiff in error was adjudged by the circuit court of the third judicial circuit to pay a fine of five hundred dollars, to which judgment he obtained a writ of error. At the trial there was evidence tending to show that on the 24th of August, 1913, the date of the alleged offense, the plaintiff in error was conducting a general merchandise store or business at Kailua, county of Hawaii; that on said date the sheriff of the county of Hawaii, upon procuring a search warrant from the district magistrate, went to defend-

ant's store and served the search warrant on him, asking the defendant to deliver over the premises to him, the said sheriff, as he was about to search for liquor; also stating that he, the sheriff, knew the defendant to have a United States license. The defendant acknowledged having the license and said that he kept the same down below. He then took the sheriff and his deputy around the mauka side to his house and in a small outhouse about twenty feet away the sheriff found the United States license (so-called) stuck up on the wall inside of that small building, and also inside the outhouse were found intoxicating liquors consisting of sixty-four bottles of beer, twenty-one bottles of samshu, two full gallons of wine and two empty demijohns smelling of wine—one five-gallon demijohn and one one-gallon demijohn. The sheriff testified to the following effect: "So I asked the defendant by what right he was keeping that United States license and he said that he had the right to keep it and that he keeps it because that haole from Honolulu came and gave it to me so that I can keep and sell liquor." Further search was made in the bedroom of plaintiff in error upstairs over the store where there were found a bottle of samshu about three-fourths full and a half-gallon bottle of wine. Defendant acknowledged that his name or mark was on the barrels and boxes in which the liquor came and that the license was made out in his proper name. None of this evidence was contradicted or attempted to be contradicted by the defendant, even as to the declaration by himself, testified to by the sheriff and another witness, that he obtained the federal license in order that he could keep and sell liquor. The defendant was unrepresented by counsel at the trial and neither cross-examined the witnesses for the prosecution nor adduced evidence in his own behalf, although duly informed by the court that he had the right to do both.

The errors assigned are two—first, that the court erred in that part of its charge to the jury as follows:

"In this jurisdiction it is provided by law that the fact that any person engaged in any kind of business has or keeps posted

in or about his place of business a receipt or a stamp showing payment of a special tax levied under the laws of the United States upon the business of selling intoxicating liquors, shall be held and deemed competent evidence that such person is keeping for sale and is selling intoxicating liquors. Hence if you believe, beyond a reasonable doubt, that defendant had or kept posted in or about his place of business such receipt or stamp such fact is competent evidence that he kept intoxicating liquors for sale. Beyond this it is not necessary for the prosecution to show that the defendant did at any time sell intoxicating liquors,"
and second, that the court erred in overruling the motion of the defendant for a new trial.

Under the facts in this case, as shown by the uncontradicted evidence, we think that there was no error in that portion of the charge of the court hereinabove quoted, to which plaintiff in error's first assignment relates. It is provided by Act 157 of the Laws of 1913 (omitting the title of the act and the enacting clause) as follows:

"Section 1. Act 119 of the Session Laws of 1907 is hereby amended by adding thereto a new Section to be known as Section 38A, and to read as follows:

"Section 38A. In any prosecution under this Chapter, the fact that any person engaged in any kind of business has or keeps posted in or about his place of business a receipt or stamp showing payment of a special tax levied under the laws of the United States upon the business of selling intoxicating liquors or the holding of a license from the government of the United States in the name of any person to sell intoxicating liquors shall be held and deemed competent evidence that such person is keeping for sale and is selling intoxicating liquors." (Approved April 30, 1913.)

We are of the opinion that by the word "competent" as used in the act the legislature meant admissible for the purpose of establishing the fact that intoxicating liquors were kept for sale and sold, in other words, such evidence as, if believed, would authorize a jury to find the fact. *State* v. *Johnson,* 12 Gil. (Minn.) 378, 387. The jury were properly instructed, "If you

believe, beyond a reasonable doubt, that the defendant had or kept posted about his place of business such a receipt or stamp, such fact is competent evidence that he kept intoxicating liquors for sale." The having or keeping posted of the receipt or stamp showing payment of a special tax levied under the laws of the United States upon the business of selling intoxicating liquors is by the statute made evidence of the design or intent to sell it. 1 Wigmore on Evidence, p. 297, n. 3. As was said in *State* v. *Nethken* (W. Va.), 55 S. E. 742, 743, "The presumption (arising from the possession of the receipt or stamp) is one of fact, amounting to evidence upon which a jury or court may act. Many illustrations of the application of the rule will be found in the decisions referred to in 1 Greenleaf on Evidence §14k, and 22 Am. & Eng. Ency. Law 1241. Its application here clearly establishes a prima facie case imposing upon the defendants the alternative of overthrowing it with counter evidence or submitting to it. They chose the latter and their appeal to the court on this point is necessarily fruitless." A reading of the entire charge of the court to the jury convinces us that the rights of the plaintiff in error were properly safe-guarded and we think there is no merit in the contention of counsel for plaintiff in error that that portion of the charge quoted was an invasion of the province of the jury and tantamount to an absolute direction by the court to the jury to return a verdict of "guilty."

Having before them the evidence of two witnesses, not only as to the finding of the so-called federal license, together with a quantity of intoxicating liquors, in the outhouse near the defendant's place of business, but also the uncontradicted evidence of such witnesses as to the admission made by the defendant that he kept the license so that he could keep and sell liquor, the jury were properly instructed that, if they believed the evidence, "beyond this it is not necessary for the prosecution to show that the defendant did at any time sell intoxicating liquors." "One may be convicted of unlawfully keeping liquor for sale without proof that he actually sold any liquor or offered or exposed it

for sale."· 23 Cyc. 174; *Commonwealth* v. *Meskill,* 165 Mass. 142.

Under the second assignment, that the court erred in overruling defendant's motion for a new trial, the contentions argued by counsel for plaintiff in error are for the most part disposed of by what we have previously said. The first two grounds of the motion and the only ones argued by counsel for plaintiff in error in their briefs are that the verdict of the jury was contrary (a) to law, and (b) to the evidence and the weight of the evidence. We have carefully read the evidence in the case and are of the opinion that there was no error committed by the lower court in overruling defendant's motion for a new trial. The evidence was amply sufficient to support the verdict, and as has already been said, we find no error in the charge of the court to the jury. This case by stipulation of counsel having been submitted in this court on briefs, assignments not argued in the briefs will be considered to have been abandoned and will not be noticed. 2 Cyc. 1014; *Republic* v. *Ah Yee,* 12 Haw. 169.

Finding no error in the record the judgment should be affirmed, and it is so ordered.

*A. S. Humphreys* and *W. J. Robinson* for plaintiff in error.
*L. P. Scott, Deputy Attorney General,* for the Territory.