# CHARLESTON.

## STATE *v.* CREED COONTZ.

Submitted May 15, 1923.   Decided May 22, 1923.

1.  HOMICIDE—*Indictment Held Sufficient to Charge Technical Wounding or causing bodily injury with Intent to Maim and Kill.*

   Under section 9, chapter 144, Barnes' Code, 1923, an indictment which charges that the defendant did unlawfully, feloniously and maliciously stab, cut and wound one M. and caused him bodily injury by means of a blow with his fist, with intent him, the said M. then and there to maim, disable

and kill, is sufficient, as a charge of technical "wounding", or a charge of causing bodily injury, with intent to maim, disable, and kill. (p. 63).

2.  SAME—*Indictment not Vulnerable to Demurrer or Motion to Quash, Because Failing to Specify Instrument With Which Injury Inflicted.*

As an indictment for malicious stabbing, cutting and wounding, with intent to maim, disable and kill, it is not subject to demurrer or motion to quash because it fails to specify the instrument with which that injury was inflicted. (p. 64).

3.  SAME—*Injury Inflicted by Blow From Fist Sufficient, and Subject to Same Punishment.*

As an indictment for causing bodily injury with intent to maim, disable and kill, it is sufficient to allege that such injury was inflicted by means of a blow with defendant's fist; the grade of the offense so charged is the same as a technical stabbing, cutting and wounding and is subject to the same punishment. (p. 64).

4.  CRIMINAL LAW—*Under Conviction of Unlawfully, But Not Maliciously, Causing Bodily Injury, Accused Cannot be Fined, Except Where Sentenced to Jail.*

Where, under section 9 of chapter 144, Code, defendant is convicted of unlawfully but not maliciously causing bodily injury to another, the court may sentence him to be confined in the penitentiary not less than one nor more than five years; or to be confined in jail not exceeding twelve months and fined not exceeding five hundred dollars; but if it sentences him to confinement in the penitentiary, it cannot also add a fine as part of the judgment. It cannot fine him except where it sentences him to be confined in jail. (p. 66).

5.  SAME—*Where Conviction Sustained, But Sentence Erroneous, Case Remanded for Proper Judgment.*

Where defendant has been convicted of unlawfully but not maliciously causing bodily injury to another and the court has erroneously sentenced him to a term in the penitentiary and also to pay a fine, this court on writ of error will reverse the judgment, and if the verdict be sustained, will remand the case for proper judgment to be entered by the trial court. (p. 66).

Error to Circuit Court, Barbour County.

Creed Coontz was convicted of unlawfully injuring and

disfiguring another, and he brings error.    Verdict sustained.

*Reversed and remanded.*

*Wm. T. George,* for plaintiff in error.

*E. T. England, Attorney General,* and *R. Dennis Steed,* Assistant Attorney General, for the State.

MEREDITH, JUDGE:

Defendant was tried under an indictment which charged that on November 1, 1920, he "did unlawfully, feloniously and maliciously stab, cut and wound one W. L. Mason, and caused him bodily injury by means of a blow with his fist, with intent him, the said W. L. Mason, then and there to maim, disable and kill, against the peace and dignity of the state." The jury found the defendant guilty of unlawfully but not maliciously injuring and disfiguring the said Mason, as charged in the indictment, and the court sentenced him to confinement in the penitentiary for 18 months and to pay a fine of $100.00. Defendant complains both of the verdict and the sentence.

As will later be shown, the defenses principally relied on do not involve the issues of fact raised in the proof, and it is therefore unnecessary for us to review the details of the evidence. In order to shed some light on the merits of the case, however, a brief summary of the record is not improper. Mason, the prosecuting witness, and defendant lived near Belington, Barbour County, and though it does not appear in what other business they were engaged, it seems that a few days prior to the altercation here involved, each of them purchased several rows of shocked corn at a sale conducted by one Sturms, the owner of the land on which it was grown.

The trouble occurred on Monday. On the Friday or Saturday preceding, Mason went to the Sturms field to shuck the corn which he had bought, but in doing so, crossed over, he claims by mistake, into one of the adjoining rows, which row happened to have been purchased by defendant. Mason shucked four shocks in that row. He was soon apprised of his error, however, by a son of Mr. Sturms, whereupon he covered over the shucked corn with the fodder and left it

there, and asked Sturms to explain the mistake to defendant, with whom Mason was not acquainted. On Monday, Mason returned to the field and noticed that four of his own shocks were missing. He had previously employed William Armstrong to do his hauling, and seeing Armstrong approaching with his team, Mason walked over to him for the purpose of employing him again. Defendant was assisting Armstrong in his hauling. During the conversation Mason mentioned the disappearance of his four shocks, whereupon defendant admitted taking them in retaliation for those of his own shucked by Mason. From this point the stories are conflicting. Mason claims he attempted to make an explanation and an apology for his mistake in shucking the wrong corn, and that defendant would not listen and finally knocked him down with his fist. Defendant and Armstrong, the only other witness, aver that Mason struck the first blow and was on the point of striking defendant with a rock, which attack defendant so effectively prevented. These versions of the affair having been passed upon by the jury, we are not called upon to say which contention was the true one, but certain features of the record tend to show that the verdict of guilty was not unjustified. For reasons not sufficiently explained, defendant left the community immediately after the trouble and did not return for some time. Furthermore, a short time after the altercation, Armstrong swore out a warrant before a justice charging defendant with assault and battery, though he now pictures Mason as the aggressor in the affair. He claims he would have had the warrant issued for Mason had he known the latter's initials at the time. Defendant was never tried on that charge.

Mason's injuries were serious. He received a badly broken nose, his eyes were blacked, his face was severely bruised, and one of the physicians who testified stated that the process bone in the cheek was broken from the upper part of the jaw. He was confined to a hospital for four days. For some time after the blow he suffered considerably from hemorrhages of the nose, indicating, as the doctor explained, that "the membrane was broken in there."

Defendant, of course, points out the testimony tending to

show the provocation for his striking Mason, but relies chiefly upon two points, claimed by him to be reversible error:

First. It is charged, and correctly so, that the indictment is founded upon the provisions of section 9, chapter 144, Code, 1923; and it is argued that that section only applies to those cases in which the accused makes use of some weapon in the commission of the offense and since it was neither charged nor proved that any weapon was used here, defendant was not guilty of any offense contemplated by the act.

Second. It is contended that though this court should find that the jury arrived at a proper verdict, nevertheless the sentence of $100.00 fine in addition to the penitentiary sentence was error, under section 9, chapter 144, Code.

The first contention of defendant arises, both upon his motion to quash the indictment, and upon his objection to State's instructions Nos. 1 and 2. Those instructions told the jury that if they believed beyond a reasonable doubt that the defendant committed the crime as alleged in the indictment they could find him: (1) guilty as charged therein, (2) guilty of unlawfully, but not maliciously, committing the offense, (3) guilty of assault and battery, or, (4) not guilty. These objections go to the very heart of defendant's position in the case.

In urging that no offense was committed under section 9, chapter 144, Code, defendant says that he relies upon the particular language of that section. It reads:

> "If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars."

As his counsel views it, the language quoted "indicates that· a person must shoot, stab, cut or wound, with intent to maim, disfigure, disable, or kill, and that the Legislature in inserting the words 'shoot, stab, cut or wound,' evidently ment that this should be done·by a gun, knife, or some other weapon, which according to the weapon used would be· a circumstance tending to show the intent of a person.so cutting, shooting, stabbing or wounding."

The above is quoted from the brief and states defendant's position· fully.  To sustain the argument, he relies on the following point of the syllabus in *State* v. *Gibson*, 67 W. Va. 548, 68 S. E. 295, 28 L. R. A. (N. S.) 965:

> "To constitute a wound, within the meaning of sec. 9, ch. 144, Code, 1906, an injury must have been inflicted with a weapon, other than any of those with which the human body is provided by nature, and must include a complete parting or solution of the external or internal skin."

Not only is the above point of the syllabus a surface indication of the merit of defendant's argument, but certain selected quotations from the opinion of Judge Poffenbarger in that case might seem at first impression to further fortify his position.  However, the reliance in the brief on these quotations does not indicate a thorough analysis of the conclusions of this court in the Gibson case.

There the defendant was indicted for "feloniously and maliciously wounding one Cleveland Slavin." The instrument used was not specified.  The court held that unnecessary under the offense charged.  It was not proved that there was any solution·or breaking of the skin.  That, under the particular indictment, was held to be a fatal omission.  On page 550 of the opinion there appears the argument which shows the correctness of that decision, also the reasons why the results attained in· it are not controlling here.  We read that· the words "stab, cut· or wound" are the same as used in the English statute of 9 George IV, ch. 31, secs. 11 and 12, and that the term "wound" has been limited under many English decisions to an actual breaking or parting of the skin.  *Rex.* v. *Wood,* 4 C. & P. 381; *Rex* v. *Beckett,* 1 Moody

& R. 526; *Rex* v. *McLoughlin,* 8 C. & P. 635. Furthermore, the use of a weapon was uniformly held essential. *Rex* v. *Harris,* 7 C. & P. 446; Jennings Case, 2 Lewin, C. C. 130; *Rex* v. *Stevens,* 1 Moody 409. These interpretations were induced by the selfsame arguments advanced by defendant here, that since the first two of the three connected words, "stab, cut or wound," implied the use of an instrument, so must also the last one. See Bishop, Statutory Crimes (3d ed.), sec. 314, citing cases. Gibson was charged specifically with "feloniously and maliciously cutting and wounding," nothing more, and under the reasoning of the English decisions cited, our conclusions that Gibson's guilt was neither sufficiently proved or charged were unquestionably proper.

Judge Poffenbarger went a step further in his reasoning, however, and it is this step which marks the distinction between that case and the present one, and which point defendant has overlooked.

At the bottom of page 550, we find: "Our statute has been broadened somewhat by the use of the terms 'or by any other means cause him bodily injury with intent,' etc. Under a proper indictment, any sort of a bodily injury ,inflicted by any means, with intent to maim, disfigure or kill, is an offense under this statute, punishable as a malicious or unlawful wounding, but it is not a technical wounding, and an indictment merely for cutting and wounding does not cover it. This addition to the statute does not alter the meaning of its original terms. It simply introduces a new offense made up of new elements." In other words, Judge Poffenbarger foresaw the case at bar. The indictment of defendant Coontz is not limited to mere cutting and wounding, it avers in addition "and caused him bodily injury by means of a blow with his fist," it is within the scope of the statutory expression "or by any means cause him bodily injury," etc., and is the proper indictment referred to by Judge Poffenbarger. This answers sufficiently the contention that the use of an artificial weapon must be alleged and proved. It specifies the means by which the injury was caused, as is stated in point four of the syllabus in the Gibson case. "An indictment for maliciously or unlawfully causing bodily injury otherwise than by shooting, stabbing, cutting

or wounding should specify the means by which the injury was caused,'' and the proof adduced was sufficient to support the charge. Such is not only the proper construction of section 9, chapter 144, Code, but under the modern English statute, 24 and 25 Vict., ch. 100, a similar act, the ruling of this case is equally proper in that jurisdiction. See Bishop, Statutory Crimes (3d ed.), §314.

Second. The merit of defendant's objection to the $100.00 fine in addition to the penitentiary sentence is obvious. The accused may ''either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars.'' The fine can not accompany the penitentiary sentence. ''Where a verdict has been rendered on an indictment for an injury done with intent to maim, etc., under sec. 9, of ch. 118 of the Acts of 1882, finding the defendant not guilty of doing the act maliciously, but guilty of *unlawfully* doing the act charged, the court can not under the statute sentence the prisoner to confinement in the penitentiary and *also* impose a fine.'' *State* v. *Mooney,* 27 W. Va. 546. However, the attorney general would have us remit the fine, sustain the verdict, and affirm the sentence of imprisonment. We can sustain the verdict, but as shown in *State* v. *Mooney supra,* the case must be remanded to the trial court, that it may exercise its discretion in fixing whatever sentence the case may merit.

Defendant objects to State's instruction No. 3. It told the jury that the burden was on the defendant to prove to the satisfaction of the jury that he acted in self-defense. Defendant claims that this was error in that the jury should have been instructed that if the proof of self-defense was sufficient to raise a reasonable doubt, the verdict should be not guilty. This is not the law. The same defense was raised in the recent case of *State* v. *Hardin,* 91 W. Va. 149, 112, S. E. 401, a homicide case, in which this court said: ''Our holdings are that, where the defendant admits the homicide, as is the case here, and relies upon self-defense as an excuse, he must establish the same by a preponderance of the evidence,'' citing *State* v. *Hatfield,* 48 W. Va. 561, 37 S. E. 626.

Equally vacuous are the objections to instructions Nos. 4 and 5, in that they failed to include the element of "Not Guilty." Those instructions were not misleading, and other instructions given, including State's instruction No. 2, explained fully what verdicts could properly be found under the evidence.

Finding no error for which the verdict should be set aside, we reverse the judgment and remand the case to the circuit court for a proper judgment to be entered on the verdict of the jury.

*Reversed and remanded.*