# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1775** (Mercer County 11-F-43)

John Victor Davis,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner John Victor Davis, by counsel R. Thomas Czarnik and Phillip Scantlebury, appeals his conviction for malicious assault and kidnapping. The State, by counsel Andrew W. Mendelson, filed a summary response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sometime after midnight on November 1, 2010, petitioner attacked his former girlfriend, Angela Hood (the "victim"), in her trailer after he learned she was dating another man.

Petitioner was indicted and tried on charges of kidnapping, malicious assault, and petit larceny.

At trial, the victim testified as follows: As she was sleeping in a recliner in her living room, petitioner attacked her. Petitioner pushed, shoved, hit, and shook her. Petitioner also knocked her to the ground and tried to crush her skull by kneeling on her face. She repeatedly tried to use her cell phone to dial 911 but petitioner kept her from doing so by force. Her seven-year-old daughter, who was in the living room at the time, ran out of the trailer to seek help. Petitioner then prevented the victim from leaving the trailer despite her pleas to be able to leave so she could find her daughter. As a result of the approximately hour-long attack, her cheek was lacerated; blood was flowing from her ear; her lip was "busted"; some of her teeth had cut into her gums; and her elbow, chest, legs, and wrists were bruised.

On June 21, 2011, a jury convicted petitioner of malicious assault and kidnapping, with a recommendation of mercy.

On August 24, 2011, petitioner was sentenced to not less than two nor more than ten years in prison for malicious assault. However, the circuit court deferred sentencing on the kidnapping charge pending briefs by the parties regarding whether the kidnapping was incidental to the malicious assault and whether the then-recent passage of "Celena's Law," codified at West

Virginia Code § 61-2-14g and which created the misdemeanor crime of unlawful restraint, allowed petitioner to elect to be sentenced under that statute. Ultimately, the circuit court found that the kidnapping was not incidental to the malicious assault conviction and that West Virginia Code § 61-2-14g did not apply to the facts of the case.

On November 8, 2011, the circuit court sentenced petitioner to life in prison with the possibility of parole on the kidnapping conviction. The court ordered petitioner's kidnapping sentence to run consecutively to his sentence for malicious assault.

On appeal, petitioner first argues that the grand jury erred in returning a true bill indicting him for kidnapping because the State entered no evidence showing that petitioner used a weapon or that he restrained Ms. Hood with the intent of demanding ransom, as required by West Virginia Code § 61-2-14a (1999),[1] the section in effect at the time of petitioner's crime.

Pursuant to *State v. Adams*, 193 W.Va. 277, 284, 456 S.E.2d 4, 11 (1995), "[t]his Court reviews indictments only for constitutional error and prosecutorial misconduct." Here, petitioner does not assert that the grand jury was biased against him or motivated by any constitutionally impermissible factors, nor does petitioner claim prosecutorial misconduct in his brief on appeal. As for petitioner's allegation that the State presented insufficient evidence to the grand jury to support the issuance of a true bill, in *Adams*, we stated as follows:

> "Generally speaking, the finding by the grand jury that the evidence is sufficient is not subject to judicial review." I Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* Grand Jury and Indictments I-651 (2d ed. 1993). Cases are legion supporting the proposition that a defendant may not challenge a facially valid indictment returned by a legally constituted grand jury on the basis that the evidence presented to the grand jury was legally insufficient. *See United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

*Adams*, 193 W.Va. at 284, 456 S.E.2d at 11. Given that petitioner was convicted of kidnapping beyond a reasonable doubt by a jury, it is somewhat irregular that on appeal petitioner argues sufficiency of the evidence before the grand jury. Accordingly, we decline to disturb the circuit court's decision on this matter.

---

[1]West Virginia Code § 61-2-14a (1999) stated,

> [a]ny person who, by force, threat, duress, fraud or enticement take, confine, conceal, or decoy, inveigle or entice away, or transport into or out of this state or within this state, or otherwise kidnap any other person, or hold hostage any other person for the purpose or with the intent of taking, receiving, demanding or extorting from such person, or from any other person or persons, any ransom, money or other thing, or any concession or advantage of any sort, or for the purpose or with the intent of shielding or protecting himself, herself or others from bodily harm or of evading capture or arrest after he or she or they have committed a crime shall be guilty of a felony and, upon conviction, shall be punished by confinement by the division of corrections for life. . . .

Petitioner next argues that the trial court erred in convicting him of kidnapping because the State did not prove that petitioner restrained the victim for the purpose of preventing her from reporting alleged domestic violence to the authorities.

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011). We have also stated that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland*, 228 W.Va. 492, 721 S.E.2d 62 (2011). Having reviewed the evidence at trial as set forth in the appendix record and having considered the parties' arguments in this regard, we find that, viewed in the light most favorable to the State, any rational juror could have found that the prosecution proved the elements of kidnapping, pursuant to West Virginia Code § 61-2-14a (1999), beyond a reasonable doubt.

Petitioner's third argument is that the grand jury improperly charged him with malicious assault because, pursuant to West Virginia Code § 61-2-9(a)[2] and "case law," a defendant must use a weapon or intend to maim, disfigure, or kill the victim. Petitioner argues that that the State

---

[2] West Virginia Code § 61-2-9(a) provides that

> [i]f any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall be guilty of a felony and, upon conviction, shall, in

presented no evidence to the grand jury showing that petitioner used a weapon to assault Ms. Hood or that he intended to maim, disfigure, or kill Ms. Hood.

As with petitioner's true bill for kidnapping, petitioner alleges no constitutional error or prosecutorial misconduct in regard to his indictment for malicious assault. Thus, as before, we decline to disturb the circuit court's decision on this matter. As for petitioner's argument that, to sustain an indictment for malicious assault, the State must show that a defendant used a weapon or intended to maim, disfigure, or kill the victim, we turn to petitioner's next assignment of error.

Petitioner's fourth argument is that the circuit court erred in sustaining petitioner's conviction for malicious assault because the State failed to prove that petitioner used a weapon to assault Ms. Hood. Petitioner further argues that the State's disregard of the definition of malicious assault was so egregious that he should be awarded a new trial.

Petitioner appears to base his argument regarding the allegedly required use of a weapon on *State v. Gibson*, 67 W.Va. 548, 68 S.E. 295 (1910), in which the Court stated "[t]o constitute a 'wound,' within the meaning of [the malicious wounding statute in effect in 1906], an injury must have been inflicted with a *weapon* other than any of those with which the human body is provided by nature, and must include a complete parting or solution of the external or internal skin." *Id.* at 548, 68 S.E.2d at 295 (emphasis added). To the extent that petitioner relies on *Gibson*, his reliance is misplaced. In *State v. Coontz*, 94 W.Va. 59, 117 S.E. 701 (1923), decided thirteen years after *Gibson*, the Court stated that wounds caused by fists may sustain a conviction for malicious assault. *Id.* at 59, 117 S.E.2d at 701-02. *Coontz* has not been overruled. In the instant case, the evidence at trial as set forth in the appendix record shows that petitioner repeatedly struck Ms. Hood with his hands. In viewing this evidence in the light most favorable to the prosecution, we find that the State presented evidence, that if believed by the jury, was sufficient to sustain petitioner's conviction for malicious assault. As such, we find no error.

Petitioner's fifth argument is that the circuit court failed to instruct the jury regarding the then newly-enacted misdemeanor crime of unlawful restraint, West Virginia Code § 61-2-14g. Petitioner contends that the Legislature recognized the over-breadth of West Virginia's kidnapping statute, West Virginia Code § 61-2-14a, and, in response, passed West Virginia Code § 61-2-14g. Petitioner argues that the new law was intended to be a lesser-included offense of kidnapping and comports with the facts in the case at bar.

When a petitioner challenges a circuit court's instruction to a jury, our law is clear:

Typically, this Court refuses to consider instructional error on appeal unless an objection was made at trial.

As a general rule, no party may assign as error the giving of an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly as to the instruction the matter to

the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding five hundred dollars.

4

which he objects and the grounds of his objection; and ordinarily only grounds thus assigned in the trial court will be considered on appeal of the case to this Court. Syl. pt. 6, *State v. Davis*, 153 W.Va. 742, 172 S.E.2d 569 (1970).

*Tracy v. Cottrell ex rel. Cottrell*, 206 W.Va. 363, 376, 524 S.E.2d 879, 892 (1999). *See also* Syl. Pt. 1, *Roberts v. Powell*, 157 W.Va. 199, 207 S.E.2d 123 (1973) ("A party may only assign error to the giving of instructions if he objects thereto before arguments to the jury are begun stating distinctly the matter to which he objects and the grounds of his objection."). Nothing in the record indicates that petitioner asked for an instruction to be read to the jury regarding the misdemeanor crime of unlawful restraint. Nor does petitioner argue plain error. Hence, we find no error.

Petitioner's sixth and last argument concerns the circuit court's failure to give a self-defense instruction where petitioner's trial counsel failed to offer such an instruction. Petitioner claims that the evidence showed that he was entitled to a self-defense instruction and that the circuit court's failure to give such an instruction was plain error.

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syllabus Point 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 1, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004). Petitioner fails to list the elements of a plain error analysis or to argue how the circuit court's alleged failure to give a self-defense instruction comports with those elements. We find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

No. 11-1775 – *State of West Virginia v. John Victor Davis*

Ketchum, Justice, dissenting:

   I agree that the defendant should have been severely punished (2 to 10 years) for beating up his former girlfriend. However, I believe the judge should have applied Celena's Law (*W.Va. Code* §61-2-14g) and given the defendant additional punishment for unlawful restraint rather than sentencing the defendant to life imprisonment for kidnapping.